## IN RE WELFARE OF R. L. W.

245 N.W. 2d 204.

August 6, 1976—No. 46784.

*William R. Kennedy,* County Public Defender, and *Wright S. Walling,* Assistant County Public Defender, for petitioner.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, David W. Larson, Phebe Haugen, Lee Barry,* and *Toni Beitz,* Assistant County Attorneys, for respondents.

SHERAN, CHIEF JUSTICE.

This case involves an order of Referee Donald Chapman of the Hennepin County Juvenile Court which was affirmed by the Honorable Lindsay Arthur. The referee found petitioner guilty of criminal contempt of court and sentenced him to 30 days in the workhouse (Hennepin County Adult Corrections Facility). On April 27, 1976, this court granted an alternative writ of prohibition, which was issued pending the submission of briefs and oral argument.

Petitioner, who is 16 years of age as of May 4, 1976, had been adjudged delinquent by the Hennepin County Juvenile Court and had been transferred to the custody of the Hennepin County Home School at Glen Lake, Minnesota. On March 24, 1976, he ran away from the county home. He was arrested on April 9, 1976, charged with the offenses of lurking, violation of curfew, and possession of burglary tools, and was taken to the Hennepin County Juvenile Detention Center.

A hearing was held on April 12, 1976, pursuant to Minn. St. 260.171 before Referee Chapman. The purpose of the hearing was to determine whether the petitioner should be released or detained pending arraignment on the above-mentioned charges. No legal counsel was present at the hearing. During the course

of the hearing, petitioner yelled several obscenities at the referee. The referee warned petitioner that such conduct would result in a citation for contempt and warned him of the consequences of the citation. Petitioner persisted in his obscenities. The referee found him guilty of contempt. Petitioner was sentenced to 30 days in the workhouse with eligibility for parole after 7 days.

The issue presented here is: May a juvenile found guilty of direct criminal contempt of court be sentenced to an adult corrections facility without separate accommodations for juveniles?

Petitioner does not challenge the conviction of contempt, but rather argues that the sentencing to an adult institution is contrary to the philosophy of the Juvenile Court Act, violates Minn. St. 260.015, 260.185, 636.07, 641.14, and infringes on his constitutional rights.

Contempt historically has been regarded as part of the court's inherent power to punish summarily offenses committed in its presence. This power is intended to be punitive in order to preserve the dignity of the courtroom proceedings. Knajdek v. West, 278 Minn. 282, 285, 153 N. W. 2d 846, 848 (1967).[1] While Minn. St. c. 588 declares the court's power, that contempt power exists independent of the statute.[2] State ex rel. Holland v. Miesen, 98

---

[1] Criminal contempt differs from civil contempt in that the purpose of the latter is to coerce performance by the contemnor so as to effectuate a remedy given to a private party, whereas criminal contempt's purpose is to vindicate the authority of the court. Zieman v. Zieman, 265 Minn. 190, 121 N. W. 2d 77 (1963).

[2] Minn. St. 588.01, subds. 1 and 2:

"Subdivision 1. Contempts of court are of two kinds, direct and constructive.

"Subd. 2. Direct contempts are those occurring in the immediate view and presence of the court, and arise from one or more of the following acts:

(1) Disorderly, contemptuous, or insolent behavior toward the judge while holding court, tending to interrupt the due course of a trial or other judicial proceedings;

(2) A breach of the peace, boisterous conduct, or violent disturb-

Minn. 19, 20, 106 N. W. 1134 (1906) ; State v. Binder, 190 Minn. 305, 313, 251 N. W. 665, 668 (1933). The power is essential to the effectiveness of all other court powers. In re Contempt of Ernest

ance tending to interrupt the business of the court."

Minn. St. 588.02:

"Every court of justice and every judicial officer may punish a contempt by fine or imprisonment, or both * * *."

Minn. St. 588.03:

"A direct contempt may be punished summarily, for which an order shall be made reciting the facts as occurring in the immediate view and presence of the court or officer, and adjudging the person proceeded against to be guilty of a contempt, and that he be punished as therein specified."

Minn. St. 588.10:

"Upon the evidence so taken, the court or officer shall determine the guilt or innocence of the person proceeded against and, if he is adjudged guilty of the contempt charged, he shall be punished by a fine of not more than $250, or by imprisonment in the county jail, workhouse, or work farm for not more than six months, or by both. In case of his inability to pay the fine or endure the imprisonment, he may be relieved by the court or officer in such manner and upon such terms as may be just."

Minn. St. 588.20:

"Every person who shall commit a contempt of court, of any one of the following kinds, shall be guilty of a misdemeanor:

(1) Disorderly, contemptuous, or insolent behavior committed during the sitting of the court, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority;

(2) Behavior of like character in the presence of a referee, while actually engaged in a trial or hearing, pursuant to an order of court, or in the presence of a jury while actually sitting for the trial of a cause, or upon an inquest or other proceeding authorized by law;

(3) Breach of the peace, noise, or other disturbance directly tending to interrupt the proceedings of a court, jury, or referee;

(4) Wilful disobedience to the lawful process or other mandate of a court;

(5) Resistence wilfully offered to its lawful process or other mandate;

(6) Contumacious and unlawful refusal to be sworn as a witness,

S. Cary, 165 Minn. 203, 206 N. W. 402 (1925). The offense of contempt, therefore, differs from those statutory violations which normally would invoke the jurisdiction of Minn. St. 260.015 of the Juvenile Code,[3] involve reference for prosecution as a juvenile or adult,[4] and posit the dispositional alternatives of Minn. St. 260.185.[5]

---

or, after being sworn, to answer any legal and proper interrogatory;

(7) Publication of a false or grossly inaccurate report of its proceedings.

No person shall be punished as herein provided for publishing a true, full, and fair report of a trial, argument, decision, or other proceeding had in court."

[3] Under Minn. St. 260.015, a juvenile may be adjudged delinquent if he has violated "any state or local law or ordinance."

[4] Minn. St. 260.125.

[5] Minn. St. 260.185, subd. 1:

"If the court finds that the child is delinquent, it shall enter an order making any of the following dispositions of the case which are deemed necessary to the rehabilitation of the child:

(a) Counsel the child or his parents, guardian, or custodian;

(b) Place the child under the supervision of a probation officer or other suitable person in his own home under conditions prescribed by the court including reasonable rules for his conduct and the conduct of his parents, guardian, or custodian, designed for the physical, mental, and moral well-being and behavior of the child, or with the consent of the commissioner of corrections, in a group foster care facility which is under the management and supervision of said commissioner;

(c) Subject to the supervision of the court, transfer legal custody of the child to one of the following:

(1) A child placing agency; or

(2) The county welfare board; or

(3) A reputable individual of good moral character; or

(4) Except for children found to be delinquent as defined in section 260.015, subdivision 5, clauses (c) and (d), unless the child has previously appeared before a juvenile court on the same charge, and in the judgment of the court, community resources have been exhausted, a county home school, if the county maintains a home school or enters into an agreement with a county home school; or

(5) A county probation officer for placement in a group foster home

The Juvenile Court Act does not restrain the contempt power of the trial court. Nevertheless, we hold that as a matter of judicial administration it is the more prudent course to require that a juvenile found guilty of direct criminal contempt of court be confined in the kind of place acceptable under the requirements of Minn. St. 260.185.[6]

established under the direction of the juvenile court in accordance with standards established by the commissioner of corrections;

(d) Except for children found to be delinquent as defined in section 260.015, subdivision 5, clauses (c) and (d), unless the child has previously appeared before a juvenile court on the same charge, and in the judgment of the court, community resources have been exhausted, transfer legal custody by commitment to the commissioner of corrections;

(e) If the child is found to have violated a state or local law or ordinance which has resulted in damage to the property of another, the court may order the child to make reasonable restitution for such damage;

(f) If the child is in need of special treatment and care for his physical or mental health, the court may order the child's parent, guardian, or custodian to provide it. If the parent, guardian, or custodian fails to provide this treatment or care, the court may order it provided.

(g) If the court believes that it is in the best interests of the child and of public safety that the driver's license of the child be cancelled until his eighteenth birthday, the court may recommend to the commissioner of highways the cancellation of the child's license for any period up to the child's eighteenth birthday, and the commissioner is hereby authorized to cancel such license without a hearing. At any time before the termination of the period of cancellation, the court may, for good cause, recommend to the commissioner of highways that the child be authorized to apply for a new license, and the commissioner may so authorize."

See also Minn. St. 636.07, 641.14.

[6] Minn. St. 636.07 requires:

"Every sheriff or other person having charge of a minor under the age of 18 years, chargeable with any crime, shall provide a separate place of confinement for him, and under no circumstances place him with grown-up prisoners * * *."

Minn. St. 641.14 requires:

"The sheriff of each county, by himself or deputy, shall have charge

We do not agree that placement of a juvenile in an adult institution is per se a violation of his constitutional rights, or that sentencing of a juvenile to an adult facility is per se cruel and unusual.

In the recent case of United States v. Wilson, 421 U. S. 309, 319, 95 S. Ct. 1802, 1808, 44 L. ed. 2d 186, 194 (1975), the Supreme Court repeated the principle that only "the least possible power adequate to the end proposed" should be used in contempt cases. That principle has been followed here, where this juvenile has not responded to treatment as a juvenile. There is no violation of petitioner's rights to due process and equal protection, nor has he been subjected to cruel and unusual punishment.

However, as a matter of judicial policy, we do not approve of the order of the district court and therefore remand these proceedings. The defendant is to be confined in a place acceptable under the Juvenile Court Act.

The writ is made absolute and the matter is remanded to the district court for further proceedings consistent with this opinion.

of the jail, and be responsible for its condition. No female prisoner shall be kept in the same room with a male prisoner, and no minor under 16 years shall be kept in the same room with other prisoners; * * *."

Minn. St. 260.175(e) contains a similar provision requiring separate quarters.