**In the Matter of the WELFARE OF G.S., minor child.**

**No. CX–84–676.**

Court of Appeals of Minnesota.

July 31, 1984.

Richard M. Unger, Montevideo, for appellant Steven Reinke.

Stephen Torvik, Chippewa County Atty., Montevideo, for Chippewa County Family Service.

Arthur Boylan, Willmar, for guardian ad litem Luella Christensen.

Juan Alsace, Montevideo, for minor child.

Bradley Reiners, Clara City, for mother Connie Reinke.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The child's stepfather appeals an order finding him in contempt for failing to complete treatment programs dealing with chemical dependency and sexual misconduct. He disputes the authority of a juvenile court in neglect proceedings to require that he undergo treatment. Claiming the contempt order is conditional and not appealable, dismissal of the appeal is urged

by the petitioner (Director of Chippewa County Family Services) and the child's guardian ad litem.

Appellant also maintains the trial court committed reversible error in reviewing but refusing to rescind a ten-month-old order excluding him from his home, where the child resides with her mother. The county agency contends that there has occurred no correction of the causes of prior abuse of the child, since the stepfather failed to participate in prescribed treatment programs.

We dismiss the appeal on the contempt order and affirm the order that excludes appellant from the family home.

## FACTS

Appellant Steven Reinke is married to Connie Reinke, mother of the child. His neglect of the child, then age 8, was adjudicated in May 1983. Court findings spoke of sexual contact of Reinke with the child and Reinke's "significant problem with alcoholism." This order was not appealed.

In August 1983, the trial court issued its dispositional order. The child was placed in the home of her mother under conditions of protective supervision. The home is also occupied by two children of the Reinkes. Supervision conditions included exclusion of Reinke from the family home and requirements that he complete two treatment programs, in-patient chemical dependency treatment and another program for sexual offenders. This court order was also not appealed.

In March 1984, Reinke sought rescission of the order excluding him from his home. His motion was denied and the court found him in contempt for failing to complete required treatment programs. A contempt finding was proposed at the hearing by the county agency. The motion was made orally and without prior notice. The court ordered that Reinke be jailed for 30 days but suspended the sentence on condition Reinke complete both treatment programs prescribed earlier.

## ISSUES

1. Is an order finding appellant in contempt appealable?

2. Did the trial court err in refusing to permit appellant to return to the home of his family?

## ANALYSIS

1.

It has been decided repeatedly in Minnesota that an initial constructive contempt order is not appealable. *Becker v. Becker*, 300 Minn. 512, 217 N.W.2d 849 (1974); *Shepard v. Shepard*, 352 N.W.2d 42 (Minn.Ct.App.1984). The initial order is conditional and not final. Appellant may be purged of his contempt as prescribed in the initial order. The conditional order contemplates full consideration of other courses of action before the severe remedy of punishment for contempt is executed.

Appellant Reinke contends prior decisions are unique because they involve conduct of one who is a party in an action. He asserts he is not a party in a juvenile proceeding dealing with the welfare of his wife's child. He errs in this regard. The rights of a stepparent in a juvenile case are not as great as the rights of a parent. The parent, for example, has a right to participate in all proceedings. Rule 39.02, Minn. R.Pr.Juv.Ct. However, the stepparent is subject to the powers of the juvenile court. The stepparent is a custodian of a child when he provides care for her. Minn.Stat. § 260.015(14) (1982). The custodian is a proper subject of the lawful process of the court under Minn.Stat. § 260.135 (1982) and Rule 44.02(3) of the Minn.R.Pr.Juv.Ct.

Anticipating a final order in contempt proceedings several observations are in order on arguments of the parties:

a. Appellant correctly contends the law demands prior notice of a hearing where the court determines whether a person is in constructive contempt of court. Minn.Stat. § 588.04 (1982).

b. Appellant correctly observes that an order mandating treatment must be pursu-

ant to statutory authority of the juvenile court. Authority based on Minn.Stat. § 260.255 (1982) (dealing with those who contribute to the neglect of a child) depends upon occurrence of special proceedings described by subdivision 3 of that statute.

■ c. The parties engage in sharp conflict on the question whether the juvenile court may compel a custodian to complete a treatment program.[1] It is a wholly different question whether contempt proceedings are an appropriate remedy to enforce any such authority. Here, for example, the court has already taken a step which may be effective, the arrangement permitting appellant to choose treatment as an alternative to prolonged separation from his family. Efforts for enforcement of court orders should utilize "the least possible power adequate to the end proposed." *In re Welfare of R.L.W.*, 309 Minn. 489, 245 N.W.2d 204, 207 (1976), quoting *United States v. Wilson*, 421 U.S. 309, 319, 95 S.Ct. 1802, 1808, 44 L.Ed.2d 186 (1975).

### 2.

Because the 1983 dispositional order was not appealed, the county agency and the guardian also challenge appealability of the order refusing to permit return of Reinke to his home. We have not previously decided that an order continuing a juvenile court disposition is a determinative action appealable under Rule 103.03(e), Minn.R.Civ. App.P.

We decline on this occasion to decide the scope of Rule 103.03(e) in juvenile review proceedings. Because our decision may be dispositive on a major part of a controversy of the parties, we elect under Rule 105 to review the order continuing to exclude appellant from the home occupied by the child.

■ Appellant describes his contentions as a dispute on the authority of the juvenile court. He concedes the court may prohibit his contact with the child. That action could occur as a condition of protective supervision under Minn.Stat. § 260.-191(1)(a) (1982) or in special proceedings under Minn.Stat. § 260.255(2)(b) (1982) aimed at conduct contributing to neglect of a child. Reinke asserts, however, that the court cannot bar him from a house he maintains, which he believes is tantamount to unlawful imposition of a duty to support a stepchild.[2]

It is a misnomer to suggest the trial court created a support obligation on Reinke. The court had authority to place the child and chose a form of disposition authorized by Minn.Stat. § 260.191(1)(a). Reinke admits in his brief that his real plea is for removal of the child from her home so that he can return there.

The trial court had a duty under Minn. Stat. § 260.191 to act in a fashion serving the best interests of the child. Evidence is adequate to sustain the continuous view of the court that the child's interests are served by placing her with her mother and siblings. An uncontested 1983 court finding says the placement of the child is under a formal plan which is "appropriate and well-suited to meet the needs" in the case. Testimony in the 1984 hearing showed it would be harmful to take the child from her home. The decision of the court coincides with the fundamental purpose of the juvenile court act to secure proper care for the child, "preferably in his own home ..." Minn.Stat. § 260.011(2) (1982). In the circumstances of this case the proposal of appellant is indefensible.

### DECISION

The contempt order is not appealable. It was not error to refuse return of appellant to the family home.

Dismissed in part and affirmed in part.

---

1. Recent legislation deals with this issue. Minn. Laws 1984, ch. 573, § 5, amending Minn.Stat. § 260.191 (1982). The amendments are not effective until August 1, 1984.

2. Minn.Laws 1984, ch. 573, addresses the issue of judicial orders excluding an abusing party from a dwelling. Amendments to Minn.Stat. § 260.191 (1982), and a new statutory provision for domestic child abuse proceedings are not effective until August 1, 1984.