**STATE of Minnesota, Respondent,**

v.

**Tony WHITCOMB, Appellant.**

**Nos. C7–86–1269, CO–86–1419.**

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied Feb. 13, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Q. Lynch, Kandiyohi Co. Atty., Willmar, for respondent.

Tony Whitcomb, pro se.

Considered and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

**MEMORANDUM OPINION**

FOLEY, Judge.

Tony Lee Whitcomb was found in direct contempt of court and sentenced to 30 days in jail for his behavior during jury selection in a trial for speeding and obstruction of legal process. Whitcomb appeared pro se, refusing repeatedly to avail himself of legal representation. While he was serving his sentence, he applied for a writ of habeas corpus. The writ was granted.

A hearing was held subsequently during which Whitcomb challenged the finding of contempt. The court remanded Whitcomb to the detaining authority on the basis that Whitcomb was lawfully in custody pursuant to a finding of direct contempt. Whitcomb now appeals his remand to custody in the habeas corpus proceeding and the underlying finding of direct contempt.[1]

Minn.Stat. § 589.14, subd. 3 (Supp.1985) provides that when a writ of habeas corpus has been issued, a person shall be sent back to the detaining authority if it appears that the person is detained in custody "for contempt of court, specially and plainly charged in the commitment, by a court having authority to commit for the contempt so charged." *Id.* Direct contempt is defined as follows:

> Direct contempts are those occurring in the immediate view and presence of the court, and arise from one or more of the following acts:
>
> (1) Disorderly, contemptuous, or insolent behavior toward the judge while holding court, tending to interrupt the due course of a trial or other judicial proceedings;
>
> (2) A breach of the peace, boisterous conduct, or violent disturbance, tending to interrupt the business of the court.

Minn.Stat. § 588.01, subd. 2 (1984).

■ A trial court has the power to summarily punish offenses committed in its presence. Minn.Stat. § 588.03 (1984). This power exists independent of statute and is intended to preserve the dignity of the

---

1. Although Whitcomb did not appeal directly from the contempt order, we review the finding of direct contempt to finalize the matter before us.

courtroom proceedings. *See In re Welfare of R.L.W.*, 309 Minn. 489, 491–93, 245 N.W.2d 204, 205–06 (1976).

The record here amply supports the finding of direct contempt. From the outset Whitcomb demonstrated a flagrant disrespect for the court. Although the trial court carefully explained the basis for its rulings, Whitcomb continued to object to the rulings. He continued to ask prospective jurors improper questions, even though cautioned by the trial court not to do so, and remained argumentative despite the trial court's warning that he could be found in contempt of court. Based on our review of the record, the trial court was completely justified in finding Whitcomb in direct contempt of court.

### DECISION

The trial court's finding of direct contempt and the order denying habeas corpus relief are affirmed.

Affirmed.