**STATE of Minnesota, Respondent,**

v.

**Gordon Dale LEGARDE, Appellant.**

**No. C7-91-928.**

Court of Appeals of Minnesota.

Jan. 14, 1992.

Donald B. Davison, Cook County Atty., Grand Marais, for respondent.

Wesley R. Martins, Indian Legal Assistance Program, Duluth, for appellant.

Considered and decided by SCHUMACHER, P.J., and KLAPHAKE and DAVIES, JJ.

## OPINION

KLAPHAKE, Judge.

Gordon Legarde appeals from a judgment finding him guilty of criminal contempt of court for violating a supervised release agreement. We reverse.

## FACTS

Gordon Legarde was charged with assaulting his wife, Rebecca Legarde. Under a supervised release agreement, Legarde agreed to refrain from contacting his wife in lieu of posting bail. At the jury trial on the domestic assault charge Rebecca Legarde recanted her previous claim of domestic assault. She maintained that she lied about the charges because she was angry at her husband. She also stated that she had reconciled with her husband and that he had moved back into the home about a month before the trial.

Based on Rebecca Legarde's testimony, the prosecutor charged Gordon Legarde with criminal contempt of court. The prosecutor claimed Legarde violated the supervised release agreement which prohibited him from contacting his wife. Following a bench trial, the trial court found Legarde guilty of criminal contempt and sentenced him to 40 days in jail and a $450 fine. Legarde appeals.

## ISSUE

Is a supervised release agreement a court order the violation of which subjects the violator to charges of criminal contempt?

## ANALYSIS

Legarde was charged with criminal contempt for violating one of the conditions of his release agreement. Criminal contempt occurs only where a party violates a court order. Minn.Stat. § 588.20, subd. 4 (1990). Thus, if the supervised release agreement was not a court order, Legarde was not in contempt of court when he violated its terms. Whether a supervised release agreement is a court order is a question of law, subject to de novo review on appeal. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn.1977).

The language of the supervised release document speaks in terms of "agreement" and "contract," not order. The supervised release agreement specifically states:

The foregoing agreement, signed by the defendant, is hereby approved. The defendant is specifically ordered to personally appear for all proceedings in this case at which his personal appearance is required by or ordered by the Court. It is ordered that the defendant be released from custody upon posting the above amount of bail or upon entering into (signing) the foregoing contract and becoming subject to its terms.

This contract may be terminated upon violation of the above conditions and sub-

sequent revision by the Court of release terms.

We conclude this language establishes an agreement, not a court order. After Legarde signed the agreement, the trial court approved of the agreement and release. The trial court then ordered Legarde released from custody and ordered him to appear for future court proceedings.

While the trial court accepted the agreement in lieu of bail, we conclude the agreement itself was not an order the violation of which constitutes criminal contempt of court. Rather, according to the agreement, the court *approved* of the agreement, directed Legarde to appear for further proceedings and released Legarde upon posting bail or entering into the agreement. In addition, the court merely *approved* of the agreement's statement that the agreement may be terminated upon violation of its terms. The agreement is devoid of any notice that the *court* imposed these conditions on Legarde or that violation of the conditions would subject Legarde to criminal contempt.

Legarde violated the supervised release agreement when he contacted his wife. However, the agreement merely indicates that upon such a violation Legarde "may be ordered by the Prosecutor's Office to appear in Court for revision of release terms." The trial court's remedies under this agreement were to require Legarde to post bail or to revise the release terms. The trial court's approval of the supervised release agreement did not transform the agreement into a court order. We, therefore, conclude that violation of the release agreement did not give rise to contempt of court because the agreement was not a court order.

### DECISION

The trial court erred in finding Legarde in contempt of court where Legarde did not violate a court order.

Reversed.