**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1399**

State of Minnesota,
Appellant,

vs.

Miranda Lynn Jones,
Respondent.

**Filed December 29, 2014
Affirmed
Reilly, Judge**

Polk County District Court
File No. 60-CR-14-973

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Gregory A. Widseth, Polk County Attorney, Luke T. Godzala, Assistant County Attorney, Crookston, Minnesota (for appellant)

Mark D. Nyvold, Assistant State Public Defender, Fridley, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Chutich, Judge; and Reilly, Judge.

## S Y L L A B U S

A district court properly dismisses a criminal-contempt-of-court charge for violating a condition of probation when the violation does not hinder administration of the legal process and other remedies exist to address the probation violation.

**O P I N I O N**

**REILLY**, Judge

In this pretrial appeal, appellant State of Minnesota challenges the district court's dismissal of a contempt-of-court charge. The state argues that the plain language of Minn. Stat. § 588.20, subd. 2(4) (2012), gives the prosecutor authority to charge a defendant with contempt after the defendant violates a condition of probation contained in the sentencing order. We affirm.

**FACTS**

In December 2013, the Polk County district court convicted and sentenced respondent Miranda Jones on a fourth-degree controlled substance charge. The district court stayed Jones's sentence and placed her on supervised probation for a ten-year period. Conditions of Jones's supervised probation require that she refrain from using alcohol and remain law-abiding.

During the early hours of May 31, 2014, a Polk County deputy responded to a report that an intoxicated female was running down the street, screaming, and refusing to return to her house.[1] The deputy identified the female as Jones. Jones was arrested and charged by citation with consumption of alcohol by a minor in violation of Minn. Stat. § 340A.503(1)(a)(2) (2012), disorderly conduct in violation of Minn. Stat. § 609.72(1)(3) (2012), and contempt of court in violation of Minn. Stat. § 588.20, subd. 2(4). The

---

[1] Less than one hour earlier, law enforcement responded to a report of an intoxicated, out-of-control female who ran from her home. The intoxicated female was later identified as Jones. After speaking with Jones, the officers chose to leave the home, without arresting or citing her.

2

deputy transported Jones to a local hospital for monitoring. A chemical test revealed that Jones's alcohol concentration was .19.

On June 4, 2014, Jones moved to dismiss the contempt charge, arguing that (1) a contempt charge is inappropriate because other remedies are prescribed to address probation violations; (2) other jurisdictions do not allow this practice; and (3) a probation agreement is not a court order.[2] Counsel for Jones supplied statistics to the district court showing that in the years 2010-12, Polk County brought over 400 contempt-of-court charges under Minn. Stat. § 588.20, subd. 2(4).

In an August 5, 2014 order, the district court dismissed the contempt-of-court charge. In addressing this issue of first impression, the district court's well-reasoned analysis considered authority from other jurisdictions and the appropriateness of allowing contempt of court as a sanction for probation violations. Ultimately, the district court concluded that criminal contempt is not a proper consequence for alleged probation violations and using the contempt penalty in this manner would be inconsistent with the purposes of contempt. The district court dismissed the contempt charge and the state appealed.

**ISSUE**

Did the district court err in granting Jones's motion to dismiss the contempt-of-court charge?

---

[2] Jones also moved to dismiss the disorderly conduct charge for lack of probable cause. Jones subsequently withdrew that motion, and it was not ruled on by the district court.

## ANALYSIS

Minnesota Rule of Criminal Procedure 28.04 allows the state to appeal pretrial orders, subject to some restrictions. A pretrial order dismissing a charge for lack of probable cause is appealable if the order is based on a legal determination. *State v. Ciurleo*, 471 N.W.2d 119, 121 (Minn. App. 1991); *see also* Minn. R. Crim. P. 28.04, subd. 1(1) (providing that the state may appeal as of right from most pretrial orders, including a probable-cause dismissal based on questions of law).

To prevail in a pretrial appeal, the state must "demonstrate[] clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Underdahl*, 767 N.W.2d 677, 681 (Minn. 2009). Because the district court in its pretrial order dismissed the contempt charge, it clearly had a critical impact on the outcome of the case. *See State v. Gerard*, 832 N.W.2d 314, 317 (Minn. App. 2013) (explaining that dismissal of a complaint satisfies the critical-impact requirement), *review denied* (Minn. Sept. 17, 2013).

The state contends that the sentencing order issued in Jones's felony case is a "mandate of the court," thus subjecting a violator of a probation condition listed in the sentencing order to a contempt-of-court charge under Minn. Stat. § 588.20, subd. 2(4). We review the district court's conclusion that criminal contempt is not a consequence for a probation violation de novo. *See State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013) (questions of statutory interpretation are reviewed de novo); *State v. Legarde*, 479 N.W.2d 434, 435 (Minn. App. 1992) (questions of law are reviewed de novo). We note

4

that this case arrived under a unique procedural posture and circumstances: a Polk County deputy sheriff tab-charged Jones with contempt of court, and the district court dismissed the charge, implicitly finding a lack of probable cause. Due to the irregular nature and posture of this case, background information concerning the purposes of both contempt and probation aids our analysis.

**A. Purpose of Contempt of Court**

Finding an individual in contempt of court is a power traditionally reserved for and residing with the courts. *See State v. Tatum*, 556 N.W.2d 541, 547 (Minn. 1996) ("While [chapter] 588 declares the court's power, that contempt power exists independent of the statute. The power is essential to the effectiveness of all other court powers."). "Contempt historically has been regarded as part of the court's inherent power to punish summarily offenses committed in its presence." *In re Welfare of R. L. W.*, 309 Minn. 489, 491, 245 N.W.2d 204, 205 (1976).

Reviewing caselaw addressing contempt illuminates how a contempt charge *initiated* by the state for a probation violation does not fit the purpose of the court's contempt power. In *Tatum*, the supreme court described the fundamental differences in the categorization of the character of contempt orders. 556 N.W.2d at 544. The character of contempt orders distinguishes between the *purpose* and the *nature* of an order. *Id.* at 544-45. When contemplating the penalty of contempt, the supreme court directs courts to "determine at their earliest convenience whether the purpose of the contempt proceeding is remedial or punitive, and whether the nature of the contemptuous

5

conduct at issue is direct or constructive." *Id.* at 545. Since this case involves the use of criminal contempt, we turn next to the purpose and nature of criminal contempt.

1.  *Purpose*

In Minnesota, the purpose of criminal/punitive contempt orders is generally to punish offensive conduct directed against the dignity and authority of the court, *Minn. State Bar Ass'n v. Divorce Assistance Ass'n, Inc.*, 311 Minn. 276, 285, 248 N.W.2d 733, 741 (1976), and to "preserve the authority of the court by punishing past misconduct." *In re Welfare of A.W.*, 399 N.W.2d 223, 225 (Minn. App. 1987) (citing *Peterson v. Peterson*, 278 Minn. 275, 153 N.W.2d 825 (1967)). *See Tatum*, 556 N.W.2d at 544 n.2 (adopting "remedial" for civil contempt and "punitive" for criminal contempt). "The sanction is inflicted primarily as punishment for the past disrespectful or contumacious conduct and in vindication of public authority." *Minn. State Bar Ass'n*, 311 Minn. at 285, 248 N.W.2d at 741. This punishment is not intended for the benefit of either party, but to vindicate the authority of the court. *State v. Willis*, 61 Minn. 120, 122, 63 N.W. 169, 170 (1895). When, however, the court's purpose in imposing sanctions is to "coerce [an individual's] future compliance, we have traditionally regarded the contempt as civil contempt." *State v. Martin*, 555 N.W.2d 899, 900 (Minn. 1996). The imposition of civil/remedial contempt is used to vindicate the opposing party's rights. *Minn. State Bar Ass'n*, 311 Minn. at 285, 248 N.W.2d at 741.

2.  *Nature*

Contempt can be either direct or constructive. Minn. Stat. § 588.01, subd. 1 (2012). Direct contempt occurs in the immediate presence of the court. *Id.*, subd. 3. In

contrast, constructive contempt occurs outside the immediate presence of the court. *Id.*, subd. 3. Here it is clear that Jones was not in the immediate presence of the court on the night in question and so any possible criminal contempt of court would have been constructive, not direct.

A court may summarily punish direct contempt, Minn. Stat. § 588.03 (2012), while punishment of constructive contempt requires additional procedural safeguards, *see Tatum*, 556 N.W.2d at 545 n.3. "Constructive contempt proceedings for *punitive* purposes entitle the accused to procedural safeguards including prosecution by the state, trial by jury, and proof beyond a reasonable doubt." *Id.* Constructive punitive contempt orders require a "written complaint which is a signed statement of the essential facts constituting the offense charged." *In re Welfare of A.W.*, 399 N.W.2d at 225. In addition, "an affidavit of the facts constituting the contempt shall be presented to the court or officer," who may either (1) "issue a warrant of arrest to bring the person charged to answer," or (2) upon an order to show cause, "may commit the person to jail, impose a fine, or both." Minn. Stat. § 588.04 (2012).

The Minnesota legislature has defined which acts are punishable as either a misdemeanor or felony. The legislature has identified that the following acts may constitute misdemeanor criminal contempt:

> (1) disorderly, contemptuous, or insolent behavior, committed during the sitting of the court, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority;
> (2) behavior of like character in the presence of a referee, while actually engaged in a trial or hearing, pursuant to an order of court, or in the presence of a jury while actually

7

sitting for the trial of a cause, or upon an inquest or other proceeding authorized by law;

(3) breach of the peace, noise, or other disturbance directly tending to interrupt the proceedings of a court, jury, or referee;

(4) willful disobedience to the lawful process or other mandate of a court other than the conduct described in subdivision 1;

(5) resistance willfully offered to its lawful process or other mandate other than the conduct described in subdivision 1;

(6) contumacious and unlawful refusal to be sworn as a witness, or, after being sworn, to answer any legal and proper interrogatory;

(7) publication of a false or grossly inaccurate report of its proceedings; or

(8) willful failure to pay court-ordered child support when the obligor has the ability to pay.

Minn. Stat. § 588.20, subd. 2. Markedly, the majority of section 588.20, subdivision 2, addresses the consequences for actively offending the dignity and authority of the court by hindering the administration of the legal process.[3] Section 588.20, subdivision 1, also authorizes a felony penalty for certain conduct intending to disrupt the legal process, specifically when a person knowingly disobeys a subpoena served in relation to a violent crime, "with the intent to obstruct the criminal justice process."[4]

Caselaw explains that section 588.20 is a general limit on the court's inherent authority to summarily punish contempt. In *Tatum*, the supreme court reviewed the penalty provisions in the contempt statutes after the district court sentenced a defendant

---

[3] The legislature added subsection 8—a defendant's willful failure to pay court-ordered child support—to the criminal contempt statute in 1993. 1993 Minn. Laws ch. 340, § 53. Subsection 8 is the only subsection of the misdemeanor criminal contempt statute that does not penalize a defendant's active disruption of a court proceeding or administration of the legal process.

[4] The legislature added felony contempt to the criminal contempt statute in 1998. 1998 Minn. Laws ch. 367, art. 2, § 3.

to six months' imprisonment for direct contempt of court. 556 N.W.2d at 543. In considering an appropriate penalty for the contempt of court, the supreme court noted that "section 588.20 lists several types of criminal contempt for which the legislature has prescribed a misdemeanor penalty." *Id.* at 545. In determining the appropriate penalty for direct contempt, the supreme court concluded that the district court had "authority to sentence Tatum for his contempt, even though the contempts statute does not include an applicable penalty provision." *Id.* at 547.

The supreme court's analysis in *Tatum* supports our conclusion that the plain language of section 588.20 does not give the state unfettered authority to bring contempt-of-court charges for probation violations even if the condition of probation allegedly violated was included in a court mandate. Rather, section 588.20 defines what is criminal contemptuous conduct and limits the severity of the punishment—felony or misdemeanor—that the district court may impose for the conduct. *See State v. Binder*, 190 Minn. 305, 313, 251 N.W. 665, 668 (1933) ("The legislature cannot take away from the court its inherent judicial power to punish for contempt by specifying that only certain acts and not others shall constitute contempt, though it has been held that the legislature may to some extent regulate the exercise of this power."). A probation violation may violate a mandate of the court, but probation violations do not fit within the overall purpose of section 588.20 to punish deliberate disruptions of court proceedings and intentional acts of disrespect to the legal process. Moreover, as previously discussed, the contempt power is inherent and the statute does not define all contemptuous conduct (or all conduct that may be punished by a court).

9

The legislature has specified some circumstances—none presented here—where criminal contempt may be charged for violation of a court order. Minnesota law enumerates a limited number of circumstances when a court may impose a contempt penalty for violating a court order. *See, e.g.*, Minn. Stat. §§ 518B.01, subd. 14(b) ("A violation of an order for protection shall also constitute contempt of court and be subject to the penalties provided in chapter 588."); 518.1781(f) ("Contempt of court and all statutory remedies for child support and parenting time enforcement may be imposed by the court at the six-month hearing for noncompliance by either party[.]"); 617.86 (2012) ("Whoever violates a temporary injunction, permanent injunction, or abatement order granted under [the nuisance statutes] may be adjudged in contempt of court.").[5] There are no comparable provisions authorizing a prosecutor to bring criminal contempt charges for violations of probation conditions found in criminal sentencing orders.

In considering the purpose and development of Minnesota's contempt penalty, it is clear that the contempt power is an inherently judicial function, albeit limited in part by the legislature, intended for prudent use to aid in the orderly administration of the judicial process. *Binder*, 190 Minn. at 313, 251 N.W. at 668; *see Hampton v. Hampton*, 303 Minn. 500, 502, 229 N.W.2d 139, 140-41 (1975) ("In considering the exercise of contempt power by the court, we have said that the court's power is arbitrary, born of

---

[5] The state provides examples of other court order violations that have subjected the defendants to contempt-of-court penalties. The state relies on unpublished caselaw and Minn. Stat. § 518B.01. As previously stated, subdivision 14(b) of section 518B.01 specifically allows a contempt-of-court charge for a violation of a court order for protection. But there is no similar legislative authority for a prosecutor to bring criminal contempt charges in the probation statute.

necessity, and must be exercised with great prudence."). The distinctions in the purpose and nature of the contempt penalty and our corresponding caselaw underscore that the contempt power is an extraordinary remedy intended to enforce the authority of the court and preserve the legal process. We do not see how the prosecution's practice of routinely bringing contempt-of-court charges for alleged probation violations is necessary to vindicate the judiciary's authority or to preserve the legal process.

A specific legal process is already prescribed for addressing probation violations. *See* Minn. Stat. § 609.14 (2012); Minn. R. Crim. P. 27.04. And that process specifically provides the district court with sufficient flexibility to weigh relevant factors, including the severity of the alleged violation, whether it was intentional, the policies favoring probation, public safety, and any other need for confinement. *See State v. Austin*, 295 N.W.2d 246, 251 (Minn. 1980) (discussing relevant considerations in a probation revocation proceeding). Ultimately, the district court is in the best position to determine if vindication of its authority is appropriate when a probation violation is committed. Without specific statutory authorization, we will not extend the plain language of Minn. Stat. § 588.20, subd. 2(4), to authorize the prosecutor to bring criminal contempt charges for alleged probation violations.

The state also maintains that Minn. Stat. § 388.051, subd. 1(c) (2012), read in conjunction with section 588.20, gives it authority to bring contempt charges for probation violations because no rule or case prohibits this. Minnesota Statutes section 388.051, subdivision 1(c), gives the county attorney authority to "[p]rosecute felonies, including the drawing of indictments found by the grand jury, and, to the extent

11

prescribed by law, gross misdemeanors, misdemeanors, [and] petty misdemeanors." We do not question the authority of the county attorney to prosecute criminal contempt charges when properly initiated. Here, however, the issue is whether a prosecutor may bring criminal charges for an alleged probation violation, and we agree with the district court that the prosecutor may not do so. As previously discussed, we do not read section 588.20 to provide the necessary statutory authorization to charge probation violators with contempt. *Cf. State v. Walsh*, 495 N.W.2d 602, 606 (Minn. 1993) (describing the "prosecutor's inherently unique role in the criminal justice system, which mandates that the prosecutor not act as a zealous advocate for criminal punishment, but as the representative of the people in an effort to seek justice").

### B. Purpose of Probation

The purpose of probation in Minnesota is "to deter further criminal behavior, punish the offender, help provide reparation to crime victims and their communities, and provide offenders with opportunities for rehabilitation." Minn. Stat. § 609.02, subd. 15 (2012). Minnesota law prescribes specific remedies and procedures to address violations of probation. *See* Minn. Stat. § 609.14; Minn. R. Crim. P. 27.04. Contempt of court is not a statutory remedy for a probation violation.

Minnesota Statutes section 609.14 and Minnesota Rule of Criminal Procedure 27.04 generally address consequences and intermediate sanctions that may be imposed by the district court when a defendant violates a condition of probation. If a probation violation occurs, probation revocation proceedings are initiated by the submission of a report, typically drafted by a probation agent and detailing the violation, to the district

12

court.  *See State v. Cottew*, 746 N.W.2d 632, 634 (Minn. 2008).  If the report contains sufficient probable cause to believe that the probationer violated probation, then the district court must issue a summons or warrant to secure the probationer's appearance. Minn. R. Crim. P. 27.04, subd. 1(1).  The defendant is then entitled to a revocation hearing to determine whether grounds for revocation exist.  *State v. Barrientos*, 837 N.W.2d 294, 298 (Minn. 2013).  If the district court finds that the defendant violated a condition of probation, both the statute and rule 27.04 give the district court the options of: (1) continuing the stay of execution and placing "the defendant on probation," (2) ordering "intermediate sanctions in accordance with the provisions of section 609.135," or (3) executing "the sentence previously imposed." Minn. Stat. § 609.14, subd. 3(2); *see also* Minn. R. Crim. P. 27.04, subd. 3(2)(b).

Even if a district court finds no violation or declines to order sanctions, the state is left with other remedies.  If a probation violation involves conduct that can be prosecuted, the state may, if appropriate, bring additional criminal charges.  Here, the state charged Jones with two additional misdemeanors: disorderly conduct and underage consumption. Those additional charges are adequate to redress any public interest in obtaining justice for the conduct of Jones on May 31, 2014.

Moreover, excluding probation violations from the conduct that may be charged by a prosecutor as criminal contempt ensures that noncriminal conduct is not converted into criminal conduct, and the seriousness of criminality of the initial conduct is maintained.  For example, a defendant on probation may commit a petty misdemeanor, and that might violate a condition of a previously imposed sentence that the defendant

13

remain law-abiding. If the state were authorized to charge misdemeanor criminal contempt under Minn. Stat. § 588.20, subd. 2(4), based on the alleged probation violation, the petty-misdemeanor offense would, in effect, be punishable as a misdemeanor offense. The same reasoning would apply if a probationer violated a condition to abstain from alcohol or attend support meetings—noncriminal conduct could become a misdemeanor offense. We can find no authority that gives the prosecutor such power.

Procedural fairness also requires advance notice of potential consequences, and there is no indication that Jones was advised that violating a condition of probation could lead to a charge of criminal contempt.[6] In *State v. Ornelas*, the supreme court explained, "[i]t is an essential component of due process that individuals be given fair warning of those acts which may lead to a loss of liberty. This is no less true whether the loss of liberty arises from a criminal conviction or the revocation of probation." 675 N.W.2d 74, 80 (Minn. 2004) (quotations omitted). In *Ornelas*, the supreme court reversed the district court's finding that a probation condition was violated because the alleged violated condition was never clearly imposed by the district court. *Id.* at 80-81. Circumstances may arise in which it would be appropriate for a *court* to invoke its contempt power to punish a defendant's violation of a condition of probation. We note, though, that

---

[6] The sentencing transcript was not requested by the state and therefore is not a part of the record for this court's review. *See* Minn. R. Civ. App. P. 110.02 (requiring appellant to order from the reporter a transcript of those parts of the proceedings not already part of the record); Minn. R. Crim. P. 28.02, subd. 9 ("To the extent applicable, the Minnesota Rules of Civil Appellate Procedure govern preparation of the transcript of the proceedings and the transmission of the transcript[.]").

14

qualifying circumstances would be rare, and we conclude that the district court in this case did not err in declining to vindicate its authority by exercising its inherent contempt powers.

When a probation violation occurs, involving either criminal or noncriminal conduct, the Minnesota rules and statutes dictate a probation-revocation hearing not a contempt proceeding. *See* Minn. R. Crim. P. 27.04, subd. 3 (detailing the requirements of a revocation hearing).

## D E C I S I O N

The district court did not err in dismissing the criminal contempt charge brought by the prosecutor for alleged violations of probationary conditions to abstain from alcohol use and to remain law-abiding because the prosecutor lacked authority to bring that charge under Minn. Stat. § 588.20, subd. 2(4).

**Affirmed.**