STATE OF MINNESOTA

IN SUPREME COURT

A14-1399

Court of Appeals                                                                    Lillehaug, J.

State of Minnesota,

            Appellant,

vs.                                                                    Filed: August 26, 2015
                                                                    Office of Appellate Courts

Miranda Lynn Jones,

            Respondent.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Scott A. Buhler, Assistant County Attorney, Crookston, Minnesota, for appellant.

Mark D. Nyvold, Special Assistant State Public Defender, Fridley, Minnesota, for respondent.

_____

S Y L L A B U S

A willful violation of a term of probation is not, standing alone, a violation of a "mandate of a court" that subjects a probationer to criminal contempt under Minn. Stat. § 588.20, subd. 2(4) (2014).

Affirmed.

1

# OPINION

LILLEHAUG, Justice.

Shortly after being placed on probation, appellant Miranda Lynn Jones was cited for consumption of alcohol by a minor and disorderly conduct. Her conduct violated the terms of Jones's probation and the State moved to have it revoked. In addition, the State cited Jones for misdemeanor contempt of court under Minn. Stat. § 588.20, subd. 2(4) (2014).

The probationer moved to dismiss the criminal contempt charge, arguing that the statute charged does not cover violations of probationary terms. The district court granted the motion and the State appealed. In the meantime, Jones's probation was revoked and the sentence was executed. The court of appeals affirmed dismissal of the contempt charge.

Interpreting both the contempt and probation statutes, we hold that a willful violation of a "term" of probation prescribed at sentencing does not itself constitute the crime of violation of a "mandate of a court" under the criminal contempt statute. Therefore, we affirm.

## I.

In December 2013 Jones was convicted of a controlled-substance crime. The district court stayed imposition of the sentence and placed Jones on supervised probation with terms that included refraining from using alcohol and remaining law-abiding.

Five months later, Jones was cited for consumption of alcohol by a minor, disorderly conduct, and criminal contempt of court. The State moved quickly (and successfully) to revoke her probation.

Jones then moved the district court to dismiss the criminal contempt charge, brought under Minn. Stat. § 588.20, subd. 2(4) (2014), which states that "[e]very person who commits . . . willful disobedience to the lawful process or other mandate of a court" is guilty of a misdemeanor. Jones asserted that she could not be charged by the State with criminal contempt merely for violating a term of probation. Jones first argued that the power to issue a contempt charge stems from the inherent power of the judiciary, and that the power does not allow police to issue citations. Jones also argued that a probation term is an agreement, not a court mandate, and is thus outside the authority of the criminal contempt statute. The State opposed the motion to dismiss, arguing that the plain language of section 588.20, subdivision 2(4), authorizes the prosecution of a criminal contempt charge against a probationer for violation of a probationary term.

The district court granted Jones's motion to dismiss. The court distinguished orders—those directing an individual to do or refrain from doing a specific act—from conditional orders—those setting forth specific consequences for a violation. The court concluded that probationary terms were conditional orders, not "mandates" of the court.

The State appealed, and the court of appeals affirmed. *See State v. Jones*, 857 N.W.2d 550, 553 (Minn. App. 2014). Unlike the district court, the court acknowledged that a probation violation may violate a "mandate" of the court. *Id*. at 557. Nonetheless, the court reasoned that "probation violations do not fit within the overall purpose of

3

section 588.20 to punish deliberate disruptions of court proceedings and intentional acts of disrespect to the legal process." *Id.* The court further reasoned that the contempt power is "inherently a judicial function," and that the power is an "extraordinary remedy intended to enforce the authority of the court and preserve the legal process." *Id.* The court criticized "the prosecution's practice of routinely bringing contempt-of-court charges for alleged probation violations," characterizing it as not "necessary to vindicate the judiciary's authority or to preserve the legal process." *Id.* The court concluded that section 588.20 does not give to prosecutors "the necessary statutory authorization to charge probation violators with contempt." *Id.* at 558.

## II.

This case requires us to determine and clarify the relationship between the statutes governing the imposition and revocation of probation, Minn. Stat. §§ 609.135, 609.14 (2014), and one of Minnesota's two criminal contempt statutes, Minn. Stat. § 588.20 (2014). The resolution of the issue presented requires statutory interpretation, a question of law subject to de novo review. *Barrow v. State*, 862 N.W.2d 686, 689 (Minn. 2015).

Our probation statutes create an alternative to confinement following a criminal conviction. Probation, which is defined in Minn. Stat. § 609.02, subd. 15 (2014), is a "court-ordered sanction . . . imposed as an alternative to confinement or in conjunction with confinement or intermediate sanctions." *Id.* Probation is imposed in connection with a stay of imposition or execution of the sentence "on the terms the court prescribes." Minn. Stat. § 609.135, subd. 1. If a probationer violates the terms of probation, section 609.14 provides that "the court may without notice revoke the stay and direct that the

4

defendant be taken into immediate custody." Minn. Stat. § 609.14, subd. 1(a). If grounds are found for revocation, subject to the limitations of *State v. Austin*, 295 N.W.2d 246 (Minn. 1980), the court may do any of the following: continue the stay on the same or further terms, impose intermediate sanctions, or revoke the stay and impose or order the execution of the sentence. Minn. Stat. § 609.135; *see also* Minn. R. Crim. P. 27.04, subd. 3 (providing that, when the court has found or the probationer has admitted a probation violation, the court may continue probation, impose a sentence, or execute a sentence). If revocation is not ordered, "the defendant shall be restored to liberty under the previous order of the court." Minn. Stat. § 609.14, subd. 4.

Chapter 588 contains Minnesota's contempt statutes. There are two kinds of criminal contempt in chapter 588: one encompassed by sections 588.01-.15 that is punishable at the discretion of the judiciary, and the other in section 588.20 that is "prosecutable by the state like any other crime." *State v. Tatum*, 556 N.W.2d 541, 546 (Minn. 1996). In this case, the probationer was charged with violating the latter—specifically section 588.20, subdivision 2(4), a misdemeanor, which prohibits "willful disobedience to the lawful process or other mandate of a court." The question of first impression presented in this case is whether a "term" of probation, standing alone, is an "other mandate of a court," the willful violation of which constitutes a new crime of criminal contempt prosecutable by the State.

In interpreting both the probation and contempt statutes, our object is "to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2014). "When the words of a law in their application to an existing situation are clear and free from all

5

ambiguity," we apply the letter of the law. *Id.* But "[w]hen the words of a law are not explicit," we apply the canons of construction. *See id.*

A.

We start with "mandate," a rare word in Minnesota law, at least in the context of a court proceeding.[1] "Mandate" is not defined in chapter 588, chapter 609, or elsewhere in the Minnesota Statutes. In the context of judicial proceedings, "mandate" has several different definitions. It may be an order from an appellate court to a lower court. *See Mandate, Black's Law Dictionary* (8th ed. 2004). Or it may be a command to an officer of the court to enforce a court order. *See id.* Or it may be a synonym for a court order directing a person to do or not do something. *See The American Heritage Dictionary of the English Language* 1066 (5th ed. 2011) (defining "mandate"); *id.* at 420 (defining "court order"); *see also State v. McCormick*, 273 N.W.2d 624, 627 (Minn. 1978) (stating that "[a] defendant who wrongfully detains or secretes his own child within the boundaries of Minnesota in violation of a court order can . . . be found in criminal contempt of court and punished for a misdemeanor under Minn. St. 588.20(4) [sic]").

In this case, we need not decide the scope of the word "mandate." For the purpose of this decision, it is enough to assume, *arguendo*, that as used in section 588.20, the word includes a court order commanding compliance with a direction of the court. We then turn to the more specific question: whether willful violation of a "term" of

---

[1] Other than section 588.20, the current Minnesota Statutes contain only one use of "mandate" in the context of a court proceeding. *See* Minn. Stat. § 192A.64-65 (2014) (regarding military courts issuing "any process or mandate").

probation itself constitutes willful disobedience of a court order commanding compliance, thereby giving prosecutors the authority not only to seek revocation of the probation, but to bring a new charge: criminal contempt.

B.

On whether a probation "term" itself constitutes a "mandate," the violation of which is punishable as a criminal contempt, the words of the relevant statutes are not explicit. There are two reasonable interpretations of whether a "term" of probation, as used in the probation statutes, is a "mandate," as used in the criminal contempt statute.

The State's interpretation, that a "term" of probation is part of a court order and thus the violation of such a term is a violation of the order, is reasonable. In felony and gross misdemeanor cases (such as Jones's controlled substance conviction) a sentence is imposed by a "Sentencing Order" that must include the "precise terms of sentence." Minn. R. Crim. P. 27.03, subds. 4(A), 7. A sentencing order's "precise terms" include "whether the defendant is placed on probation and if so, the terms and conditions of probation." Minn. R. Crim. P. 27.03, subd. 7(3)(a)(iii). A term of probation, therefore, is necessarily found within a court order.

Moreover, as a matter of common usage, we recognize that our district courts often use the word "order" when prescribing terms of probation, such as: "While you are on probation, the court *orders* that you remain sober and stay out of liquor stores." Section 609.135 itself uses the word "order" twice in connection with conditions of probation: ordering payment of restitution, Minn. Stat. § 609.135, subd. 1a, and ordering a defendant to undergo treatment, Minn. Stat. § 609.135, subd. 1c. And, obviously, when

7

one violates a term of probation, one does something contrary to the sentencing court's direction.

But there is another reasonable interpretation: that a "term" of probation is not itself a "mandate," or court order, so a violation of such term is not a violation of a mandate. The probation statutes use the word "term," not "mandate" or "court order," and the district court "prescribes" rather than "orders" the terms. Section 609.135 refers to a condition of probation as an "order" only in the specific circumstances of restitution and treatment, which are not at issue here.

Nowhere in the comprehensive probation statutes is there any suggestion that violation of a probation term is, by itself, a contempt of court. *Compare* Iowa Code § 908.11(4) (2014) (expressly providing that a violator of probation may be held in contempt of court). The three consequences of probation revocation are described in section 609.14, subdivision 1: revocation of probation and imposition of sentence, intermediate sanctions, or further probation. Section 609.14 does not contain any explicit or implicit reference to criminal contempt as a consequence. To the contrary, it instructs that, if the grounds do not exist for revocation, the probationer is to be "restored to liberty" under the previous sentencing order. *Id.*, subd. 4.[2]

---

[2] By contrast, in other situations where the Legislature has detailed the consequences for the violation of a court order, it has provided express guidance on whether contempt may be one such consequence. *See, e.g.*, Minn. Stat. § 260C.405, subd. 3 (2014) (order for protection); Minn. Stat. § 518A.71 (2014) (child support and maintenance orders); Minn. Stat. § 609.748, subd. 6(h) (2014) (harassment restraining order).

8

Thus, there are two reasonable interpretations of whether a "term" of probation is a "mandate." Because the words of the criminal contempt and probation statutes, read together, are "susceptible to more than one reasonable interpretation," ambiguity exists that requires consideration of "the canons of statutory construction to ascertain" their meaning. *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013).

C.

Upon careful consideration, we conclude that the second interpretation is more reasonable: a term of probation is not a court mandate, the violation of which subjects the probationer to a new criminal contempt charge. While both interpretations have textual support, it is telling that the comprehensive probation statutes do not provide, or even hint, that a willful violation of a "term" of probation constitutes criminal contempt.

Besides the text, three other considerations influence our decision.

First, by declining to interpret every willful violation of a term of probation as a separate criminal contempt, we avoid a separation-of-powers problem. It is black-letter law that "if we can construe a statute to avoid a constitutional confrontation, we are to do so." *In re Civil Commitment of Giem,* 742 N.W.2d 422, 429 (Minn. 2007). We do so here to avoid a conflict between the executive and the judiciary, in two related respects.

The object of the contempt statutes is to vindicate the authority of the court.[3] *See Tatum*, 556 N.W.2d at 544; *see also Zieman v. Zieman*, 265 Minn. 190, 193 n.5, 121

---

[3] The State argues that this purpose of contempt relates only to judicial criminal contempt, Minn. Stat. §§ 588.01-.15 (2014), not misdemeanor criminal contempt under section 588.20. While the two types of criminal contempt are indeed "philosophically

(Footnote continued on next page.)

9

N.W.2d 77, 80 (1963) (stating that the purpose of a criminal contempt proceeding is the "punish[ment of] an individual because of his demonstrated disrespect for the court's orders"). Under the State's reading, a district court could decide that a probation violation, even if willful, did not undermine the authority of the court. But the county attorney could still charge criminal contempt, even in the face of the district court's determination that the probationer had not demonstrated any disrespect.

Not only would the State's interpretation obviate the basic purpose of contempt, it would impinge on the district court's obligation and authority to sentence. While subject to reversal for abuse of discretion, district courts have considerable room to impose, modify, and revoke probation. *See State v. Franklin*, 604 N.W.2d 79, 82 (Minn. 2000); *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980); *see also State v. Cottew*, 746 N.W.2d 632, 638 (Minn. 2008). Probation is to be used to "deter further criminal behavior, punish the offender, help provide reparation to crime victims and their communities, and provide offenders with opportunities for rehabilitation." Minn. Stat. § 609.02, subd. 15 (2014).

Our case law is clear that a violation of a term of probation does not inevitably require revocation; instead, "revocation should be used only as a last resort," and the court must balance "the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety." *Austin*, 295 N.W.2d at 250. The State's

(Footnote continued from previous page.)
segregated," *Tatum*, 556 N.W.2d at 546, they are both criminal contempt with a common purpose: to vindicate the authority of the court.

interpretation would essentially allow the prosecutor to use criminal contempt as a tool to seek an enhancement of the sentence for the underlying crime.

The separation of powers concerns are illustrated by the facts of this case. By her conduct, Jones violated the terms of her probation. In response, the district court revoked the probation and executed the sentence, but did not punish the probation violation as a criminal contempt under sections 588.01-.15 or refer Jones for prosecution under section 588.20. Nevertheless, the prosecutor charged and continues to pursue criminal contempt.[4]

Second, the history of the relevant statutes casts doubt on the idea that a "term" of probation is a "mandate." The Legislature passed paragraph (4) of the original misdemeanor contempt statute—"[w]ilful disobedience to the lawful process or other mandate of a court"—no later than 1888. *See* Minn. Gen. Stat. § 122(4) (1879-1888). It is unlikely that it intended that a violation of a term of probation would be a violation of a "mandate of a court," as the earliest probation system did not exist in Minnesota until 11 years later, and then only for juveniles. *See* Act of Apr. 11, 1899, ch. 154, 1899 Minn. Laws 157 (codified at Minn. Rev. Laws §§ 5496-5503 (1905)).

Adult probation began in this state in 1909. *See* Act of Apr. 22, 1909, ch. 391, 1909 Minn. Laws 465, 465-66 (codified at Minn. Rev. Laws §§ 4776-4777 (Supp.

---

[4] We do not doubt that, when a probationer violates a term of probation by an act that constitutes a separate crime, the probationer may be charged for the new offense. This is entirely consistent with our system of separation of powers. Our holding here is limited: the probationer's violation of a term of probation does not itself constitute the offense of criminal contempt under section 588.20, subdivision 2(4).

11

1909)).  The original statute assumed that the sentence would be imposed and would then be stayed, subject to the defendant's "good behavior," upon "such terms and conditions of probation as are deemed suitable."  Minn. Rev. Laws §§ 4776(1)-(2) (1909).  Notably, the statute, passed only 21 years after the misdemeanor criminal contempt statute, did not employ the word "mandate" or "order," but instead used the phrase "terms and conditions."  Upon violation, said the original statute, "the court shall have the power, in the exercise of its discretion, to revoke the order staying sentence . . . in which case the sentence theretofore imposed shall be executed in all respects as though no proceedings under this act has been taken."  Minn. Rev. Laws § 4776(3) (Supp. 1909).  In other words, under the original statutory scheme, the sentence would be imposed and stayed upon "suitable" terms, and upon violation of the terms, the sentence stayed would be executed in the court's "discretion."  This flexible scheme did not seem to contemplate that a violation of a term of probation, standing alone, would constitute a separate criminal offense.

Finally, while we are interpreting and clarifying the relationship between particular Minnesota statutes governing criminal contempt and probation, we note that most courts that have considered the issue have concluded that a violation of a term of probation is *not* a contempt of court.[5]  For example, in *State v. Letasky*, 152 P.3d 1288

---

[5]     *See Alfred v. State*, 758 P.2d 130, 132 (Alaska Ct. App. 1988) ("[T]he sanction for violation of a condition of probation is revocation of probation."); *People v. Johnson*, 24 Cal. Rptr. 628, 632 (Cal. Ct. App. 1993) ("The ramifications of a violation of a condition of probation are stated by the court and established by statute, i.e., that probation may be revoked."); *Jones v. United States*, 560 A.2d 513, 516-17 (D.C. 1989) ("The availability

(Footnote continued on next page.)

(Mont. 2007), the Montana Supreme Court considered a criminal contempt statute similar to ours, which prohibited "purposely disobeying or refusing any *lawful process or other mandate of the court . . . .*" *Id.* at 1290 (emphasis added). The court held that a condition imposed in connection with a suspended sentence was "not an independent mandate of the court." *Id.* The court was influenced by the fact that (as is true here) the probation statute did not list criminal contempt as a consequence for violation of a probation condition. *Id.* at 1291.[6]

---

(Footnote continued from previous page.)
of revocation of probation accompanied by imposition of the original sentence or a portion of that sentence provides the court with ample power to vindicate its authority should a probationer violate a condition of probation."); *State v. Asuncion*, 205 P.3d 577, 592 (Haw. Ct. App. 2009) ("When a sentencing court withholds a sentence of imprisonment and instead sentences a convicted defendant to a term of probation, the probation is subject to certain mandatory and discretionary conditions that are reasonably necessary to assist the defendant in leading a law-abiding life. When the defendant fails to comply with those conditions, [the statute] provides the exclusive remedies for sanctioning the defendant's failure."); *Williams v. State*, 528 A.2d 507, 510 (Md. Ct. Spec. App. 1987) ("[A] condition of probation may be enforced only through the power to revoke the probation, not through contempt proceedings."); *State v. Hancock*, 934 A.2d 551, 555 (N.H. 2007) ("[T]he trial court's discretion is limited to the authority it has been given by [statute]. The legislature has not afforded trial courts discretion to punish a probation violation with contempt."); *State v. Williams*, 560 A.2d 100, 104 (N.J. Ct. App. 1989) ("Contempt of court should not be superimposed as an additional remedy in a probation violation setting if the act that occasions the violation itself is not otherwise criminal."). *But see United States v. McCarty*, 82 F.3d 943, 948 (10th Cir. 1996); *People v. Gallinger*, 548 N.E.2d 78, 80 (Ill. App. Ct. 1989); *State v. Walton*, 170 P.3d 1122, 1124 (Or. Ct. App. 2007).

[6] Because other canons resolve the statutory ambiguity in Jones's favor, it is not necessary for us to reach the issue of whether and when to invoke the rule of lenity. *See State v. Nelson*, 842 N.W.2d 433, 443-44 (Minn. 2014); *id.* at 454-55 (Lillehaug, J., dissenting).

III.

Thus, as between two reasonable interpretations, we hold that willful violation of a term of probation does not itself constitute a violation of a "mandate of a court" under Minn. Stat. § 588.20, subd. 2(4).

Affirmed.