STATE OF HAWAII, Plaintiff-Appellee *v.* EUGENE F. PASTUSHIN, JR., Defendant-Appellant

NO. 5813

AUGUST 25, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

The defendant, Eugene F. Pastushin, Jr., was indicted jointly with one Henry Cho Chu for the violation of HRS § 712-1203(1) (b), promotion of prostitution in the second degree. The defendant and Chu were tried together after defendant's motion for severance was denied. Chu was found guilty of the lesser included offense of promoting prostitution in the third degree and did not appeal. The defendant was found guilty as charged, and he has appealed from the judgment and sentence of the trial court.

The determinative issue presented on appeal is whether the trial court erred in admitting into evidence the extrajudicial statement of co-defendant Chu, who did not testify at trial and whose statement to the police directly and pointedly implicated the defendant in the commission of the offense charged.

Chu's oral statement to the police, showing the defendant to have been the instigator and moving force[1] behind the

---

[1] At trial, the police officer testified:

Q. Officer, there may have been a change. Now I want you to give the entire statement of Mr. Chu, even the part, if any, involving Pastushin, give the entire statement. Do you need to refresh your memory?

A. I think I can go on at this time.

Q. All right.

A. Well, first of all, Mr. Chu stated that he had met Mr. Pastushin at the Korean Doll and, from there, Mr. Pastushin instructed Mr. Chu that a female would be coming down to the bar and also the other male witness by the name of Benjamin Visaya . . . Mr. Chu stated further that Mr. Pastushin instructed him on the different ways of getting customers to go with the female. He also told Mr.

violation of the statute, was clearly inadmissible under the rule laid down by the Supreme Court in *Bruton v. United States*, 391 U.S. 123 (1968). In that case, the admission into evidence of an oral confession of a co-defendant [Evans] implicating the appellant in that case [Bruton] was found by the Supreme Court to be violative of Bruton's rights under the Confrontation Clause of the Sixth Amendment. This was held to be reversible error, despite the care taken by the trial court in advising and instructing the jury that while Evans' confession was competent evidence against him, it was inadmissible hearsay against Bruton and therefore had to be disregarded in determining his guilt or innocence. In reversing Bruton's conviction, the Court said:

> "Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed." 391 U.S. at 136.

The State in this case nevertheless argues that the defendant waived his right to question the admission of Chu's incriminating statement, by failing to object to its reception at

---

Chu that he could make $300 by himself — excuse me, he could make $200 by himself and that he, Mr. Chu, would bring back $300 by the next morning. Chu stated further that — Pastushin instructed Chu on the different ways of soliciting customers for the female . . . And he instructed him further by saying that if the tourist had a room, to use or to utilize that room.

At that time, he instructed — Pastushin instructed Mr. Chu to get a cab and go to Waikiki. In fact, he [Chu] did get a cab which was located on the mauka side of Kalakaua, just across from the Korean Doll. I believe, at that time, he got a Charley's cab and the three of them, Martin, Visaya and Chu, went to Kalakaua. In the immediate area of the International Market Place, they alighted the cab and proceeded to walk in the Ewa direction on the mauka-side curb of Kalakaua.

trial. This contention, in the context of this case, is without merit.

Generally, hearsay evidence when admitted without objection may properly be considered by the trier of fact. *Diaz v. United States*, 223 U. S. 442, 450 (1912); *People v. Goss*, 193 Cal.App.2d 720, 14 Cal.Rptr. 569 (1961). *See also* Wharton's Criminal Evidence § 273, 13th Ed; Annotation, 79 A.L.R.2d 895 et seq. *Compare, State v. Casey*, 51 Haw. 99, 451 P.2d 806 (1969). The Supreme Court in *Bruton* has also recognized that "[n]ot every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently." 391 U.S. at 135. Moreover, it is not every constitutional error that will warrant a reversal, *Chapman v. California*, 386 U.S. 18 (1967), even where it involves a violation of the *Bruton* rule. *Brown v. United States*, 411 U.S. 223 (1973); *Harrington v. California*, 395 U.S. 250 (1969).

However, where inadmissible hearsay is so prejudicial as to deprive the defendant of his constitutional right to a fair trial, its admission will constitute ground for reversal, although defense counsel has failed to object, when the conduct of the prosecution in knowingly and deliberately injecting this prejudicial matter into the proceedings[2] has com-

---

[2] The record clearly shows the prosecutor's awareness of the *Bruton* rule. It was his function not only to prosecute with vigor but also to maintain high standards of justice.

"The [prosecuting attorney] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." Berger v. United States, 295 U.S. 78, 88 (1935).

bined with the demonstrated ineptitude of defense counsel[3] to effect a serious infringement upon the defendant's due process right to a fair trial. *State v. Pokini*, 57 Haw. 17, 21, 548 P.2d 1397, 1399 (1976).

The error in this case was not harmless. *Compare, Brown v. United States, supra; Harrington v. California, supra.* Chu's oral statement to the police implicated himself as well as the defendant. It was competent evidence against Chu, but it was inadmissible against the defendant. It was evidence highly prejudicial to his cause. The defendant was not present at the time of the commission of the offense. He received no money from the transaction. The testimony of the principal witness at trial contained certain weaknesses which could have led the jury to question her credibility.[4] It was Chu's statement, more than any other evidence, which established before the jury that the defendant, on the date charged, was "advancing and profiting" from prostitution. HRS § 712-1203(1) (b).

Reversed and remanded for new trial.

---

[3] Counsel on appeal was not the trial attorney in the proceedings below. Defense counsel at trial, who was given the opportunity to object and to review the police report containing Chu's statement, either was not familiar with *Bruton* or was incapable of appreciating the prejudicial nature and import of the proferred testimony.

[4] For example, she testified that the appellant had arranged two previous trysts for her, at different times and at two different places, prior to the incident which gave rise to the charges against the appellant.

On the first occasion she said that she met the male customer in an airport hotel room. When asked what then transpired, she answered: "Nothing, really, I was sitting around, watching TV, then I left." Nevertheless, she claimed that she received $70.00 from the appellant for the transaction.

On the other occasion she testified that she met another male customer in a Waikiki hotel room. Nothing illicit took place between the parties because she decided she wanted to leave, but she again claimed that the next day the appellant sought her out to give her $30.00.

*Wayne D. Parsons,* Deputy Public Defender *(Neal K. Okabayashi* and *Marie N. Milks,* Deputy Public Defenders, on the briefs, *Donald K. Tsukiyama,* Public Defender, of counsel) for defendant-appellant.

*Timothy A. Liu,* Deputy Prosecuting Attorney *(Terrance W. H. Tom,* Deputy Prosecuting Attorney, on the brief, *Maurice Sapienza,* Prosecuting Attorney, of counsel) for plaintiff-appellee.