STATE OF HAWAII, Plaintiff–Appellee, v. **RICHARD A.TORRES**,
Defendant–Appellant, and **RYANSON B. P. AKI**, Defendant

NO. 12114

(CR. NO. 86–0964)

FEBRUARY 1, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

***Per Curiam.*** Defendant–Appellant Richard A. Torres appeals from
his conviction for Possession of a Firearm by a Person Convicted of Cer-
tain Crimes under Hawaii Revised Statutes (HRS) § 134–7(b). The issue
on appeal is whether the lower court violated the Confrontation Clause by
admitting into evidence the post–arrest statement of a co–defendant who

did not testify at trial. Under the circumstances, we do not find that the admission of the extrajudicial statements violated Appellant's right to confrontation under the sixth amendment to the United States Constitution and article 1, section 14, of the Constitution of the State of Hawaii. Finding no merit to Appellant's other contention, we affirm.

## I.

On August 21, 1986, Appellant and Ryanson Aki (Aki) were both indicted by the Grand Jury for Burglary in the First Degree in violation of HRS § 708–810(1)(c).[1] Appellant was also indicted for Possession of a Firearm by a Person Convicted of Certain Crimes in violation of HRS § 134–7(b).[2] Appellant and Aki were tried jointly.

At trial, Cusa Hall, a fourteen year old runaway, testified for the State that on April 17, 1986, Appellant drove him and Aki to a beach–front home which he and Aki burglarized, taking a shotgun and various other items.[3] After the burglary, Aki left to call Appellant who was at the nearby beach. Aki returned with Appellant who drove his car to where Hall was waiting. The shotgun was placed in the trunk of Appellant's car, but Hall could not recall if he saw Appellant place the weapon in the trunk. Appellant then drove to three houses where he offered to sell the stolen goods to his acquaintances. Hall testified that, at the second home visited, Appellant removed the shotgun from the trunk and offered it for sale to a man who declined to purchase the gun.

---

[1] Before submitting the case to the jury, the court entered a judgment of acquittal as to Appellant in the Burglary count.

[2] HRS § 134–7(b) provides:

(b) No person who is under indictment or who has waived indictment for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or of the illegal sale of any drug, shall own or have in the person's possession or under the person's control any firearm or ammunition therefor.

Appellant had been previously convicted of a felony, to wit, Burglary in the Second Degree.

[3] Hall, being a juvenile offender, was not tried with Appellant and Aki in this case.

After his arrest, Aki confessed to his involvement in the burglary to Detective Louis Marrero. Aki, however, pled not guilty and chose not to take the stand at trial. Consequently, Aki's statement was introduced into evidence through the testimony of Detective Marrero. Aki's statement was redacted to remove references to Appellant by name. Detective Marrero testified:

Q: All right. What did he [Aki] say about his involvement in that [the burglary] at the very beginning?

A: He said that he had met with Cusa Hall at Hau Bush. He informed me that they decided that they were going to burglarize the house. He said that they were driven to this location by another person.

Q: Now, did he say anything about how he happened to discover this house or find out about this house?

A: He said that the *other person*, the same person that drove 'um there had mentioned to him that he — the *other person* knew that the house would be vacant. (Emphasis added).

Appellant's counsel objected to the testimony referring to another person, which the trial court sustained.

Shortly thereafter, the prosecutor asked Detective Marrero what Aki said when he went to the nearby beach to get a car after the burglary. In response, Detective Marrero began to testify that Aki stated that "he told a person," at which point the prosecutor immediately cut off Detective Marrero's testimony by admonishing him not to "tell us anything about another person, just what he [Aki] said."

Detective Marrero further testified that Aki told him that after the burglary, he was driven by car to three homes where attempts were made to sell the stolen goods. And at the second home visited, the shotgun was displayed to the prospective buyer. Aki's version of the events subsequent to the burglary therefore conformed to the testimony of Cusa Hall, except that Aki's statement did not reveal who displayed the gun or offered it for sale at the second home.

Appellant was the only defense witness. On the stand, Appellant admitted taking Aki and Hall to the beach on April 17, 1986; admitted assisting the pair in attempting to find potential buyers for the shotgun and a video cassette recorder by driving them to the homes of potential buyers; and admitted selling the shotgun for cash the following day. Appellant, however, denied that he knew the goods were stolen; denied that he knew

the shotgun was in the trunk of his car; and denied the existence of the second home where he allegedly removed and displayed the shotgun.

## II.

Appellant argues that his sixth amendment right to confrontation was violated by the combined effect of the post–arrest statement by Aki that referred to "another person," and Hall's testimony that Appellant displayed the shotgun to the occupant of the second home visited. Thus, although Aki's statement was redacted to avoid reference to Appellant by name, the testimony by Hall would give the jury grounds to infer that Appellant was the unnamed person in Aki's statement who displayed the gun to the potential buyer at the second home.

## A.

In *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), the Supreme Court held that a defendant is deprived of the sixth amendment right of confrontation when the facially incriminating confession of a non–testifying co–defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co–defendant. 391 U.S. at 126, 88 S. Ct. at 1622, 20 L. Ed. 2d at 479. The Court noted that:

> Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side–by–side with the defendant, are deliberately spread before the jury in a joint trial.

*Bruton*, 391 U.S. at 135–136, 88 S. Ct. at 1627–28, 20 L. Ed. 2d at 485.

In *State v. Pastushin*, 58 Haw. 299, 568 P.2d 504 (1977), we discussed and adopted the *Bruton* decision. In that case, we reversed the defendant's conviction after finding that the co–defendant's police statement, "more than any other evidence," "directly and pointedly" implicated the defendant in the commission of the offense charged. 58 Haw. at 300, 303, 568 P.2d at 505, 506.

Here, Aki's statement did not directly implicate Appellant. The references to "another person" did not mention anyone by name, and no part of the confession actually referred to Appellant by name. Aki's state-

ments, therefore, only became incriminating when linked with Hall's testimony at trial.

The Supreme Court has recently addressed the permissibility under *Bruton* of "evidentiary linkage" connecting a defendant with a co-defendant's statement, so that the co-defendant's statement indirectly implicates the defendant. *See Richardson v. Marsh*, 481 U.S. 200, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987). In *Marsh*, the Court held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to her existence." 481 U.S. at 211, 107 S. Ct. at 1709, 95 L. Ed. 2d at 188. In a footnote, however, the court added that it expressed no opinion as to the admissibility of a confession "in which the defendant's name has been replaced with a symbol or neutral pronoun," the situation presented in this case. *Id.* at n.5.

Applying the principles of *Bruton*, we do not find that the admission of Aki's confession violated Appellant's right to confrontation. Aki's references to another person related only to the burglary charge, of which he was acquitted, and not to the felon in possession conviction being appealed from here. Therefore, we cannot say that Aki's confession "powerfully incriminated" Appellant in the possession charge. *Bruton*, 391 U.S. at 135, 88 S. Ct. at 1628, 20 L. Ed. 2d at 485. Nor can we say that it was Aki's statement, "more than any other evidence," which established before the jury that Appellant illegally possessed the shotgun. *Pastushin*, 58 Haw. at 303, 568 P.2d at 506. Accordingly, we hold that the admission of Aki's statement into evidence did not violate Appellant's right to confrontation under the sixth amendment to the United States Constitution and article 1, section 14, of the Constitution of the State of Hawaii.

### B.

Moreover, even if the admission of Aki's confession referring to "another person" violated *Bruton*, the admission of the statement was harmless beyond a reasonable doubt. *See Cruz v. New York*, 481 U.S. 186, 193, 107 S. Ct. 1714, 1719, 95 L. Ed. 2d 162, 172 (1987); *Harrington v. California*, 395 U.S. 250, 89 S. Ct. 1726, 23 L. Ed. 2d 284 (1969); *Pastushin*, 58 Haw. at 303, 568 P.2d at 506.

HRS § 134–7(b), under which Appellant was convicted, can be violated by owning, possessing, or exercising control over a firearm. Appellant's own admission at trial that he sold the gun on April 18, 1986 was proof beyond a reasonable doubt that he exercised "control" over the shotgun within the meaning of § 134–7(b). Thus, even if the admission of Aki's confession was constitutionally imperfect, that violation was rendered harmless by Appellant's own admission at trial.

Affirmed.

*Wayne M. Rooney* for Defendant–Appellant.

*Caroline Mee* (*Willard J. Peterson* on the brief), Deputy Prosecuting Attorneys, for Plaintiff–Appellee.

## DISSENTING OPINION OF WAKATSUKI, J.

I respectfully dissent.

In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that it was constitutionally impermissible to admit into evidence the hearsay confession of a co–defendant in a joint trial when that co–defendant does not take the stand, and when that confession powerfully incriminates the other defendants. There, the co–defendant's confession directly and facially incriminated the defendant Bruton.

In *Richardson v. Marsh*, 481 U.S. 200, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987), the Supreme Court considered the constitutional infirmity of admitting into evidence a co–defendant's confession when that confession is not incriminating on its face, but becomes incriminating when linked with other evidence introduced at trial. The Court held "that the Confrontation Clause is not violated by the admission of a nontestifying co–defendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to [the defendant's] existence." 481 U.S. at 211, 107 S. Ct. at 1709, 95 L. Ed. 2d at 176. In a footnote, the Court stated, "We express no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." *Id.*

The situation which the Supreme Court expressly declined to address in *Marsh* is presented in this case. In a joint trial of Ryanson Aki and Appellant, Aki's confession was placed before the jury through the testimony of Detective Marrero. Aki did not take the stand. Aki's confession

was redacted to remove references to Appellant by name. Instead, references were made to "the other person."

Redaction in this case, however, did not make Aki's confession any less "powerfully incriminating." When Aki's confession was introduced at trial, Appellant had already been identified as the "other person." Saying "the other person" rather than Appellant's name did nothing to protect Appellant from the kind of prejudice which concerned the Supreme Court in *Bruton*.

In reaching its decision, the majority relies on the fact that Aki's confession did not directly implicate Appellant in the firearm charge. Nonetheless, Aki's confession cannot be deemed harmless to Appellant. At trial, the State's primary witness was Cusa Hall. Appellant was the sole defense witness. Appellant's testimony contradicted Hall's in a number of crucial areas, one of them being whether Appellant had at one point opened the car trunk and removed the gun therefrom for the purpose of showing it to a potential purchaser. The jury had to decide who was more credible, Appellant or Hall. Aki's version of events as told by Detective Marrero closely tracked Hall's version. Since Hall's version was corroborated by Aki's story, and Appellant's version was not, the jury could likely have given credence to Hall's testimony rather than Appellant's. Aki's confession boosted Hall's credibility and Hall directly implicated Appellant on the firearm charge.

Appellant was unable to test Aki's credibility before the jury because Aki did not take the stand. If, however, Aki's testimony had been shown to be incredible, Hall's credibility would not have been boosted to Appellant's detriment. In *Bruton*, the Supreme Court recognized that accomplice testimony is "inevitably suspect." *Bruton*, 391 U.S. at 136. The inability to test the credibility of such suspect testimony is precisely the prejudice that the Confrontation Clause aims to prevent.

The majority, in citing *State v. Pastushin*, 58 Haw. 299, 568 P.2d 504 (1977), states that Aki's confession did not, "more than any other evidence," establish Appellant's guilt. But *Pastushin* did not hold that a *Bruton* violation will be found only where the co–defendant's confession "more than any other evidence" establishes the defendant's guilt. We have adhered to the proposition that "[w]here there exists a reasonable possibility that a constitutional error of the trial court contributed to the conviction of the defendant, the error necessitates reversal." *State v.*

*Amorin*, 62 Haw. 356, 363, 604 P.2d 45, 49–50 (1979). A *Bruton* violation should not be subject to a different standard. On reviewing the entire record, I cannot say that the testimony admitted in violation of *Bruton* in this case was harmless beyond a reasonable doubt.

I would hold that the admission of Aki's confession through Detective Marrero violated Appellant's constitutional rights under the Confrontation Clause pursuant to *Bruton v. United States*, and that such error was not harmless.

I would reverse Appellant's conviction and remand for a new trial.