**Electronically Filed
Supreme Court
SCWC-18-0000755
30-NOV-2021
09:28 AM
Dkt. 17 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

ARTEMIO Y. AGDINAOAY,
Petitioner/Defendant-Appellant.

SCWC-18-0000755

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000755; CASE NO. 1FFC-18-0000989)

NOVEMBER 30, 2021

McKENNA, WILSON, AND EDDINS, JJ., AND RECKTENWALD, C.J.,
DISSENTING, WITH WHOM NAKAYAMA, J., JOINS

OPINION OF THE COURT BY EDDINS, J.

The Family Court of the First Circuit sentenced Artemio

Agdinaoay to 181 days of imprisonment after he pled no contest

to violating a temporary restraining order.  It also ordered

Agdinaoay to complete a domestic violence intervention program

(DVI).

Agdinaoay challenges the court's sentence, which the Intermediate Court of Appeals affirmed. He argues the family court erred by sentencing him to both serve 181 days and complete DVI. Imposing DVI without probation, Agdinaoay argues, violates Hawai'i Revised Statutes (HRS) § 706-624(2)(a) (Supp. 2017).

We hold that courts cannot impose imprisonment exceeding the statutory threshold for a probationary sentence and also conditions of probation. Because a misdemeanor defendant sentenced to imprisonment exceeding 180 days cannot also receive a probationary sentence - and DVI cannot be imposed except as a condition of probation - Agdinoay's sentence was unlawful.

**I.**

After Agdinaoay pled no contest to Violation of a Temporary Restraining Order (VTRO), the family court convicted him of violating HRS § 586-4. That statute requires defendants convicted of VTRO to "undergo domestic violence intervention at any available domestic violence program as ordered by the court." HRS § 586-4(e).[1]

---

[1] In addition to mandating that those convicted of VTRO undergo DVI, HRS § 586-4(e) classifies VTRO as a misdemeanor:

> (e) When a temporary restraining order is granted and the respondent or person to be restrained knows of the order, a knowing or intentional violation of the restraining order is a misdemeanor. A person convicted under this section shall undergo domestic violence intervention at any available domestic violence program as ordered by the court.

The court sentenced Agdinaoay to DVI.  It also sentenced him to 181 days of imprisonment.

This sentence was illegal.  Its illegality emerges from the confluence of two distinct conclusions.  First, that DVI is not available to sentencing courts as a "standalone" sentencing option; it must be imposed with probation.  And second, that a court cannot impose both probation and a sentence of greater than 180 days for a misdemeanor offense.

Agdinaoay's sentence was unlawful because it combined DVI – which we conclude is *only* available as a condition of probation – and imprisonment exceeding six months.  See HRS § 706-624(2)(a).  The trial court could have imposed a 181-day prison term.  Or it could have imposed probation with DVI as a condition.  But it could not mix and match as it did.

## II.

Our first conclusion – that DVI is only available as part of a probation sentence – makes sense for three reasons.

First, the plain language of Chapter 706 shows that DVI is not available except as a condition of probation.

HRS Chapter 706 guides sentencing.  It starts: "No sentence shall be imposed otherwise than in accordance with this chapter."  HRS § 706-600 (emphasis added).  The command is clear.  Chapter 706 controls all sentencing dispositions, even those dictated by statutes outside its purview.  See  HRS § 701-

3

102(3) ("The provisions of chapters 701 through 706 of the Code are applicable to offenses defined by other statutes, unless the Code otherwise provides."). Other statutes may supplement the penal code, for example by providing mandatory minimums, but Chapter 706's overarching sentencing framework still controls.[2]

Under HRS § 706-605, the court may sentence a convicted defendant to one or more of four dispositions: (1) probation; (2) payment of a fine; (3) imprisonment; and (4) community service.

---

[2] Nothing in HRS § 701-102(3) or HRS § 706-600 restricts action by subsequent legislatures. The legislature can amend laws concerning criminal sentencing. But the legislature has left HRS § 701-102(3) and HRS § 706-600 intact. Because those laws remain intact all sentencing – even that informed by laws outside the penal code – must occur in accordance with Chapter 706. Cf. Peer News LLC v. City & County of Honolulu, 138 Hawai'i 53, 69, 376 P.3d 1, 17 (2016) ("The legislature is presumed to know the law when it enacts statutes . . . .").

Criminal sentences *other than* the four outlined in HRS § 706-605 defy Chapter 706.[3,4,5]

DVI is not one of the four authorized dispositions under HRS § 706-605. But there are several subsections of HRS § 706-624(2) that allow a court to impose DVI *as a condition of probation*. Under HRS § 706-624(2), a court imposing probation may order a defendant to: "[u]ndergo available medical or mental health assessment and treatment . . . ." HRS § 706-624(2)(j); "[c]omply with a service plan developed using current assessment tools" HRS § 706-624(2)(s); and "[s]atisfy other reasonable

---

[3]   This proposition is nicely illustrated by the ICA's holding in State v. DeMello, 130 Hawai'i 332, 310 P.3d 1033 (App. 2013), vacated in part, 136 Hawai'i 193, 361 P.3d 420 (2015). In DeMello, the ICA considered whether the trial court erred in sentencing a defendant, who had been convicted of a petty misdemeanor, to the maximum term of imprisonment *and* anger management classes. There was no standalone provision in Chapter 706 authorizing sentencing courts to impose "anger management classes" on defendants. But, the ICA noted, attendance at anger management classes could be imposed *as a condition of probation*. Because DeMello had been sentenced to thirty days of imprisonment, however, he could not *also* be sentenced to probation. Id. at 340, 310 P.3d at 1041. Probation, with completion of anger management classes as one of its conditions, would be a valid sentence. So too would thirty days of imprisonment. But because of Chapter 706's limits on the term of imprisonment that could be imposed alongside probation, DeMello's sentence of thirty days of imprisonment plus a probationary condition (anger management classes) was illegal. Id.

[4]   Mandatory minimums required by statutes outside the penal code - for example HRS § 586-4(e)(1)'s requirement that those convicted of VTRO serve at least forty-eight hours in jail - do not inherently conflict with Chapter 706 since imprisonment is an authorized disposition of a criminal defendant under both HRS § 706-605(a) and HRS § 706-605(c).

[5]   The penal code concerns the sentencing of criminal defendants. It is silent on the permissible scope of court orders concerning civil litigants. The fact that family court judges may impose DVI as part of a protective order in a civil court case is thus irrelevant to the question of whether DVI may be imposed as a standalone *criminal* sentence: the sentencing judge in a criminal case operates within the framework provided by Chapter 706, the civil judge in a family court dispute does not.

conditions as the court may impose." HRS § 706-624(2)(t).[6] Read together, the absence of "DVI" as a "standalone" authorized disposition for convicted defendants under HRS § 706-605 and the express authorization of "mental health treatment" such as DVI as a discretionary condition of probation indicate that DVI is imposable *only* as a condition of probation.

Second, other sections of the Hawai'i Penal Code treat DVI as a sentence that is imposed only alongside probation.

In 1998, the legislature extended the probation period for the misdemeanor domestic violence crimes[7] from one year to a

---

[6] HRS § 706-624(2) empowers courts to impose an assortment of discretionary conditions on probationers:

> (2) Discretionary conditions. The court may provide, as further conditions of a sentence of probation, to the extent that the conditions are reasonably related to the factors set forth in section 706-606 and to the extent that the conditions involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706-606(2), that the defendant:
>
> . . . .
>
> > (j) Undergo available medical or mental health assessment and treatment, including assessment and treatment for substance abuse dependency, and remain in a specified facility if required for that purpose;
> >
> > . . . .
> >
> > (s) Comply with a service plan developed using current assessment tools; and
> > (t) Satisfy other reasonable conditions as the court may impose.

[7] These include: violation of temporary restraining order, HRS § 586-4; violation of an order for protection, HRS § 586-11; and abuse of family or household members, HRS § 709-906.

period "not exceeding two years." See HRS § 706-623(c). The legislative history reflects that the law changed because offenders needed more time to complete DVI *as part of their probation sentences*.[8] If the legislature believed courts could impose DVI without probation, it would have been unnecessary to extend the length of probation so that offenders could complete DVI during probation.

The language of HRS § 709-906(5), the misdemeanor abuse of family or household members offense, also supports the conclusion that DVI is imposed only as part of a probationary term. If a person convicted under HRS § 709-906(5) does not complete DVI within a specified time frame, "[t]he court shall revoke [that] defendant's *probation*" unless good cause excuses the failure. HRS § 709-906(7) (emphasis added). This language

---

[8]    The legislative history to H.B. No. 2666 states, in part:

> Finally, your Committee has incorporated into H.B. 2666 the provisions of H.B. 3190, which also relates to domestic violence. H.B. 3190 covers the same subject matter as H.B. 2666. The purpose of H.B. 3190 is to allow the court to extend the period of probation for a defendant convicted of misdemeanor domestic abuse if the defendant is unable to complete the ordered treatment or counseling within the original probation period.

> However, your Committee finds that extending a period of probation after that period has been set by the court may be unconstitutional. Accordingly, your Committee has changed the provisions of H.B. 3190 by allowing the court to sentence a defendant convicted under sections 586-4 or 709-906, Hawaii Revised Statutes, to a probationary period of up to two years.

H. Stand. Comm. Rep. No. 578-98, in 1998 House Journal, at 1264.

reflects an assumption that only probationers will be ordered to complete DVI.

Third, several practical considerations also support our holding that DVI is available to sentencing courts *only* as a condition of probation. Chief among them is the court's inability to enforce a sentence of DVI without probation: if the defendant is not on probation and, by extension, subject to revocation of that probation, then there are no consequences to not starting, or not finishing, DVI. A contempt charge under HRS § 710-1077 does not work. See State v. Asuncion, 120 Hawai'i 312, 327, 205 P.3d 577, 592 (App. 2009) (reversing criminal contempt conviction of defendant who violated a condition of his probation and explaining that "[w]hen the defendant fails to comply with [the conditions of the defendant's probation], HRS § 706-625[9] provides the exclusive remedies for sanctioning the defendant's failure").[10]

---

[9]     HRS § 706-625 concerns the revocation and modification of probation conditions. Under HRS § 706-625(3), "[t]he court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order . . . ."

[10]     Accord State v. Jones, 869 N.W.2d 24, 29 (Minn. 2015) (holding that "a term of probation is not a court mandate, the violation of which subjects the probationer to a new criminal contempt charge"); State v. Williams, 560 A.2d 100, 104-05 (N.J. Super. Ct. App. Div. 1989) ("We do not believe that when the Legislature expressly stated . . . that the sanction for a violation of probation (other than for the inherent criminality of the act) would be a revocation of probation, it intended that a defendant would be subject to a new indictment for contempt in addition to the punishment for the original offense."); Jones v. United States, 560 A.2d 513, 516 (D.C. 1989) ("When a probationer violates a condition of his probation, the only appropriate sanction is a withdrawal of the previously afforded favorable treatment

Even if one accepts for the purpose of argument that DVI could be imposed without probation, a contempt charge under HRS § 710-1077 is not a viable means to punish a defendant who does not complete DVI.  Under HRS § 710-1077(g), a person commits criminal contempt of court if the person "knowingly disobeys or resists the process, injunction, or other mandate of a court." A sentence is neither a process, nor an injunction, nor a mandate of the court.  Courts do have "inherent equity, supervisory, and administrative powers as well as inherent power to control the litigation process before them."  Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawaiʻi 452, 457, 903 P.2d 1273, 1278 (1995) (cleaned up).  But these inherent powers to administer and manage the litigation process are not the source of courts' *sentencing* authority.  Chapter 706 is.  As such, sentences are not processes, injunctions, or other mandates of a court.  And, by extension, failure to complete a sentence is not criminal contempt.

Relying on the specter of a contempt charge to motivate defendants' DVI completion also presents profound fairness and separation-of-powers problems.

---

rather than the imposition of an additional penalty.  Punishment for contempt is an additional and separate penalty."); Williams v. State, 528 A.2d 507, 510 (Md. Ct. Spec. App. 1987) ("[A] condition of probation may be enforced only through the power to revoke the probation, not through contempt proceedings.").

Regarding the fairness problem: if failure to complete court-ordered DVI may give rise to a contempt charge punishable by up to one year in prison, defendants could receive combined terms of imprisonment far in excess of the maximum term for their underlying misdemeanor crime.[11]

Punishing failure to complete DVI with criminal contempt also presents a separation-of-powers problem. Under HRS § 710-1077(1)(g), a person commits criminal contempt of court if "[t]he person knowingly disobeys or resists the process, injunction, or other mandate of a court." The commentary to section 710-1077 makes clear that the purpose of the criminal contempt statute is safeguarding *the court's* authority. It defines criminal contempt as "conduct which <u>brings the court into disrespect</u> or which interferes with the administration of justice" (emphasis added). But if every knowing failure to timely complete a DVI sentence generates a criminal contempt charge under HRS § 710-1077(1)(g), the government could charge a defendant with contempt even "in the face of the . . . court's

---

[11]    For example, if Agdinaoay served his 181-day prison term (or if he were initially sentenced to, and served, the one-year maximum) and then received another one-year jail term based on a contempt charge for failing to complete DVI, he would have to serve a one-and-one-half or two-year term of imprisonment. Even though the VTRO crime that originally subjected him to the family court's jurisdiction capped incarceration at one year! If the family court again required Agdinaoay to complete DVI, and he again did not do it, he could face yet another year in jail for contempt. Apocalyptically, the pattern could repeat, subjecting Agdinaoay to years of incarceration all because of a single misdemeanor charge that carried a maximum one-year term.

determination that the [defendant] had not demonstrated any disrespect [to the court]." Jones,[12] 869 N.W.2d at 29. Cf. id. at 29 (noting that allowing criminal contempt charges for probation violations would "impinge on the district court's obligation and authority to sentence"). Construing Chapter 706 to allow for DVI *only* as a condition of probation avoids a separation-of-powers problem.[13] It ensures that the government cannot use contempt charges to intrude on courts' sentencing powers anytime a defendant sentenced to DVI fails to complete that sentence.

A second consideration which suggests that the Hawai'i Penal Code allows for the imposition of DVI *only* as a condition of probation is the significant support available to probationers, but not other offenders. Only probationers can receive services from the Adult Client Services Branch (ACSB). ACSB's probation officers help ensure defendants' success in complying with probation terms like DVI. A probation officer is "a helper, a

---

[12]   In Jones, the defendant violated the terms of her probation when she was cited for consumption of alcohol by a minor and disorderly conduct. The court revoked her probation. But it did not cite her for contempt or refer her for prosecution under Minnesota's criminal contempt statute. Nevertheless, the State charged the defendant with criminal contempt. 869 N.W.2d at 30.

[13]   Constitutional doubt is a "well-settled canon of statutory construction." In re Doe, 96 Hawai'i 73, 81, 26 P.3d 562, 570 (2001). It counsels that "where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is [to] adopt the latter." Id. (quoting Jones v. United States, 529 U.S. 848, 857 (2000)).

monitor, and an enforcer." State v. Fields, 67 Haw. 268, 280, 686 P.2d 1379, 1388 (1984). Probation officers are required to "aid and guide" probationers and "to evaluate and report on [probationers'] progress toward integration into the community . . . ." Id. Cf. HRS § 806-73 (providing that a probation officer "shall use all suitable methods to aid the defendant and bring about an improvement in the defendant's conduct and condition").

The support provided by ACSB's probation officers is a vital lifeline for many defendants sentenced to DVI. DVI lasts months and is often time intensive. Many defendants are indigent and lack the resources to pay for DVI. Some do not speak English. Others may not have the executive functioning necessary to identify and enroll in court-approved DVI. It would be absurd and impracticable to construe HRS § 586-4(e) as requiring these defendants to locate, enroll in, pay for, and complete court-approved DVI without *any* support or guidance from the probation office.[14] We decline to do so. See Frank v. Haw.

---

[14] After sentencing, Agdinaoay filed an ex parte motion for reconsideration of his sentence. At the hearing on that motion, Agdinaoay's counsel explained some of the practical difficulties Agdinaoay would face if he had to complete DVI without support from the ACSB:

> Mr. Agdinaoay, I mean, he's of limited means, he is a houseless individual . . . I don't know if he's got the resources to even pay for [DVI], let alone know who to ask about those classes. When you're under supervised -- if you're under supervision with the court, with probation, they at least will inform you, look, here is the classes,

Planing Mill Found., 88 Hawai'i 140, 144, 963 P.2d 349, 353

(1998) ("This court is bound to construe statutes so as to avoid

absurd results.  A rational, sensible and practicable

interpretation of a statute is preferred to one which is

unreasonable, impracticable . . . inconsistent, contradictory,

and illogical." (cleaned up)).

Collectively, the plain language of Chapter 706, the penal

code's consistent treatment of DVI as a condition of probation,

and the impracticability of enforcing or requiring DVI outside

the probation context all support our holding that DVI may only

be imposed as a condition of probation.

**III.**

The second legal conclusion underpinning our determination

concerning the illegality of Agdinaoay's sentence is the black-

letter law – inspired by the Model Penal Code[15] – that sentencing

courts may not impose probation *and also* terms of imprisonment

in excess of certain statutorily-defined limits.  See HRS § 706-

624(2)(a) (stating that defendants may not be sentenced to

probation and a term of imprisonment exceeding: two years in a

class A felony; eighteen months in a class B felony; one year in

---

this is how many you can take, this is where you can go.
But he has nobody to tell him what to do or who to do that.

[15]    "The Hawai'i Penal Code is substantially derived from the Model Penal
Code."  State v. Aiwohi, 109 Hawai'i 115, 126, 123 P.3d 1210, 1221 (2005).

a class C felony; six months in a misdemeanor; and five days in a petty misdemeanor); Model Penal Code § 6.02(3)(b) (stating that persons convicted of a felony or misdemeanor and placed on probation may be sentenced to a term of imprisonment not exceeding thirty days (!) as a condition of probation).

We recognized this principle in State v. Sumera, 97 Hawaiʻi 430, 39 P.3d 557 (2002). In Sumera, we held that "where the sentencing court decides to combine probation *and* imprisonment in a sentence, it may do so if imprisonment is made a *condition* of the sentence of probation rather than a separate sentence, and only up to a maximum period of six months in the case of a misdemeanor." Id. at 435, 39 P.3d at 562.

#### IV.

Synthesizing our determination that DVI is only available as a condition of probation and the black-letter law that, in a misdemeanor case, probation may not be imposed alongside a prison term exceeding 180 days, we hold that a court may not impose *both* DVI and prison time in excess of that allowed by HRS § 706-624(2)(a). Agdinaoay's sentence was thus illegal.

What sentences could the court legally have imposed on Agdinaoay? It could have imposed *either* a sentence of between 181 days and one year *or* probation with DVI as a condition of that probation and no more than 180 days of imprisonment.

Though HRS § 586-4(e) apparently *requires* courts to sentence those convicted of VTRO to DVI, and by extension, probation, it also provides that "[n]othing in this section shall be construed as limiting the discretion of the judge to impose additional sanctions authorized in sentencing for a misdemeanor."

One sanction authorized in sentencing for a misdemeanor is a term of imprisonment of up to one year. The State insists that DVI must be imposed, without exception, on those convicted of VTRO. But DVI is only available as a condition of probation, and probation is not available in conjunction with a sentence of more than 180 days. So taken to its logical conclusion, the State's interpretation of HRS § 586-4 would limit the court's discretion to impose a sentence of more than 180 days on those convicted of VTRO. This outcome is absurd and expressly foreclosed by HRS § 586-4(e).

If a court sentences a defendant to probation and, as a condition of that probation, a term of imprisonment of no more than 180 days, then it must also, under HRS § 586-4(e), sentence the defendant to DVI.

But if a court exercises its discretion to impose a sentence of between 181 days and one year, then it may not impose probation. And, because DVI is only available as a condition of probation, it may not impose DVI.

15

This outcome is akin to the situation that arises when the State charges a defendant with felony crimes and also a misdemeanor domestic violence crime like abuse of family or household members or VTRO.[16]  In such cases, the indeterminate term of incarceration controls and the defendant – despite the misdemeanor domestic violence conviction – is not sentenced to probation or DVI.  This is because under HRS §§ 706-605(2) and 706-629(1)(a),[17] if a defendant receives a five, ten, or twenty-year sentence, the court cannot also sentence the defendant to DVI for the misdemeanor domestic violence crime.

This holding is also required notwithstanding HRS § 586-4(e)'s unqualified and "specific" command that DVI be imposed on any defendants convicted of VTRO.  It is generally true that "where there is a 'plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored."  Mahiai v. Suwa, 69 Haw. 349, 356, 742 P.2d 359, 366 (1987).  But this principle is a mere tool of statutory interpretation designed for use where legislative intent is unclear.  It does not override or

---

[16]    The situation also crops up in felony probation revocation cases. Consider the felony probationer who receives an indeterminate term of incarceration for violating probation conditions and has a pending misdemeanor domestic violence crime.  Later, the misdemeanor offense cannot be resolved by imposing DVI or anything other than straight imprisonment.

[17]    Under HRS § 706-629(1)(a), when the disposition of a defendant involves more than one crime, "[t]he court shall not impose a sentence of probation and a sentence of imprisonment except as authorized by section 706-624(2)(a) . . . ."

undermine otherwise clear legislative intent.  See Cal. State Emps. Ass'n v. Regents of Univ. of Cal., 267 Cal. App. 2d 667, 670 (Cal. Ct. App. 1968) (noting that the rule that specific governs the general should not be "applied so as to defeat legislative intent otherwise determined"); D.B. v. Cardall, 826 F.3d 721, 736 (4th Cir. 2016) ("The general-specific rule of statutory construction, like other interpretive canons, can be overcome by sufficient indications of a contrary legislative intent.").

Here, HRS § 706-600 is clear: "[n]o sentence shall be imposed otherwise than in accordance with this chapter."  And HRS § 701-102(3) explicitly states that Chapter 706's provisions "are applicable to offenses defined by other statutes, unless the Code otherwise provides."  These statutes direct that all sentencing in our state happen in accordance with Chapter 706.  HRS § 586-4's DVI directive may be "specific," but that specificity does not supersede Chapter 706's comprehensive sentencing framework.

**V.**

We hold that courts cannot impose imprisonment exceeding the statutory threshold for a probationary sentence and also impose conditions of probation.  The family court unlawfully sentenced Agdinaoay to 181 days of imprisonment and a domestic violence intervention program.  It could have sentenced him to

17

one or the other, but not both.  The family court's sentence is vacated.  We remand the case to the family court for re-sentencing consistent with this opinion.

| | |
|---|---|
| William H. Jameson Jr.,<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Michael D. Wilson |
| Donn Fudo,<br>for respondent | /s/ Todd W. Eddins |

