**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000057
29-APR-2025
07:50 AM
Dkt. 66 SO**

NO. CAAP-22-0000057

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v. DALE K. WILSON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-21-01063)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

This appeal challenges the imposition of a mandatory sentence of a substance abuse assessment with recommended treatment, and a 14-hour substance abuse rehabilitation program (collectively, **substance abuse treatment penalties**), for a conviction for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), without the imposition of probation. The

challenge relies on State v. Agdinaoay, 150 Hawai'i 223, 500 P.3d 408 (2021) (overturned due to legislative action).[1]  We affirm.

Defendant-Appellant Dale K. Wilson (**Wilson**) appeals from the February 2, 2022 Judgment and Notice of Entry of Judgment (**Judgment**), entered by the District Court of the Second Circuit (**District Court**).[2]  Wilson pled guilty to OVUII pursuant to a plea agreement with Plaintiff-Appellee State of Hawai'i (**State**).  Over his objection based on Agdinaoay, Wilson was sentenced, inter alia, to the substance abuse treatment penalties under Hawaii Revised Statutes (**HRS**) § 291E-61.[3]

---

[1]     In Agdinaoay, the Hawai'i Supreme Court held that the defendant could not be sentenced to a domestic violence intervention program (**DVI**) with imprisonment because, inter alia, DVI was available only as part of a probation sentence.  150 Hawai'i at 225, 500 P.3d at 410.

[2]     The Honorable Blaine J. Kobayashi presided.

[3]     The OVUII statute, HRS § 291E-61 (2020 & 2021 Supp.), mandates the imposition of the following substance abuse treatment penalties in subsections (b) and (h), without probation:

> (b) A person committing the offense of [OVUII] shall be sentenced without possibility of probation or suspension of sentence as follows:
>
> . . . .
>
> (A) A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable programs deemed appropriate by the court;
>
> . . . .
>
> (h) Whenever a court sentences a person pursuant to subsection (b), it also shall require that the offender be referred to the driver's education program for an assessment, by a certified substance abuse counselor deemed appropriate by the court, of the offender's substance abuse or dependence and the need for appropriate treatment. The counselor shall submit a report with recommendations to the court. The court shall require the offender to obtain appropriate treatment if the counselor's assessment establishes the offender's substance abuse or dependence. All costs for assessment and treatment shall be borne by the offender.

On appeal, Wilson's sole challenge is to the District Court's imposition of the mandatory substance abuse treatment penalties under HRS § 291E-61(b) and (h), because "these requirements cannot be imposed except as conditions of probation" under HRS Chapter 706.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Wilson's point of error as follows.

We preliminarily address the State's arguments that Wilson is "judicially estopped" from challenging the sentence on appeal because Wilson "waived" this argument by pleading guilty and due to Wilson's "on-record agreement" that the substance abuse treatment penalties at issue were "possible penalties." These arguments are unpersuasive.

Here, the record does not reflect that Wilson "waived" the ability to challenge his sentence by pleading guilty. It reflects the opposite, that Wilson was "accepting a plea deal, but then doing [sic] an appeal" of the sentencing issue.[4] Nor did Wilson "waive" this challenge on appeal by agreeing that the penalties at issue were "possible penalties." Agreeing that penalties are "possible" does not mean that Wilson agreed to the penalties and gave up his right to challenge them. In fact, the

---

(Emphases added.)

[4]     The record reflects that at the outset of the February 2, 2022 sentencing hearing, Wilson told his attorney he would plead, then appeal, as follows:

> [Defense Counsel]: Ah, hey, [Wilson], we had talked on the phone, ah, about, ah, accepting a plea deal, <u>but then doing an appeal of the issue that I raised</u>. Do you want to go ahead and do that today?
>
> [Wilson]: Yeah. I'd still be willing to do so.

(Emphasis added.)

3

record reflects the plea agreement did not require Wilson to agree to the substance abuse treatment penalties. The State phrased the plea agreement as including ***recommended*** penalties, i.e. that the State would "recommend[] a $500.00 fine and the remaining statutory requirements" in exchange for Wilson's guilty plea. (Emphasis added.) Thus, Wilson is not judicially estopped from, and did not waive his challenge to, the penalties at issue.

We turn to Wilson's point of error. Relying on Agdinaoay, Wilson argues that because "[s]ubstance abuse treatment is not one of the authorized [sentencing] dispositions of HRS § 706-605[,]"[5] and can only be ordered as a "condition of probation" under "HRS § 706-624(2)(j),"[6] "it is not possible . . . to sentence Wilson to complete substance abuse treatment" under HRS § 291E-61(b), which "expressly prohibits a sentence of probation."

"Statutory interpretation is a question of law reviewable de novo." State v. Castillon, 144 Hawai'i 406, 411, 443 P.3d 98, 103 (2019) (citation omitted). "[T]he fundamental starting point for statutory[]interpretation is the language of the statute itself." Id. (citation omitted).

In Agdinaoay, the defendant was sentenced to 181 days of imprisonment and to complete DVI, without being sentenced to

---

[5]     HRS § 706-605 (2014 & 2016 Supp.), entitled "Authorized disposition of convicted defendants," provides that a convicted defendant may be sentenced to one or more of the following:  probation, to pay a fine, imprisonment, and/or community service.  In 2022, HRS § 706-605 was amended to add DVI, because of the 2021 Agdinaoay decision.

[6]     HRS § 706-624(2)(j) (2014 & 2016 Supp.), entitled "Conditions of probation," provides that a court may order "assessment and treatment for substance abuse dependency" as a probation condition.

4

probation, following a conviction for violation of a temporary restraining order (**TRO**).[7]  The supreme court stated:

> We hold that courts cannot impose imprisonment exceeding the statutory threshold for a probationary sentence and also conditions of probation. Because a misdemeanor defendant sentenced to imprisonment exceeding 180 days cannot also receive a probationary sentence - and DVI cannot be imposed except as a condition of probation - Agdinaoay's sentence was unlawful.

150 Hawaiʻi at 225, 500 P.3d at 410.  The supreme court noted the plain language of HRS § 706-600 (2014), that "[n]o sentence shall be imposed otherwise than in accordance with this chapter[,]" and ruled that "Chapter 706 controls all sentencing dispositions[.]"[8]  Id. (emphasis omitted).  The supreme court explained that Agdinaoay's sentence was illegal because "DVI is not available to sentencing courts as a 'standalone' sentencing option" under the plain language of HRS § 706-605, and "must be imposed with probation."  Id. at 225-26, 500 P.3d at 410-11.

HRS § 291E-61(b) provides that an OVUII offender "shall be sentenced without possibility of probation[.]"  Unlike in Agdinaoay, where a probation sentence could be imposed for the TRO violation offense at issue, here, a probation sentence cannot be imposed for an OVUII offense under HRS § 291E-61.  HRS § 291E-61 expressly prohibits the imposition of probation, but also requires the substance abuse treatment penalties be imposed.  HRS § 291E-61 thus conflicts with HRS § 706-605, because substance abuse treatment is not listed as a "standalone" sentencing option.  See id. at 226, 500 P.3d at 411.

---

[7]    The TRO statute in effect at that time, HRS § 586-4 (2018 & 2021 Supp.), mandated that a person convicted of a TRO violation "shall undergo" DVI.

[8]    We note that HRS § 706-600 was amended in 2022, and now provides: "A sentence shall be imposed in accordance with this chapter, unless otherwise provided by applicable law."  (Emphasis added.)  The previous version of the statute was in effect at the time of this case.

"[W]here there is a plainly irreconcilable conflict between . . . two statutes" that "cover the same subject matter, the one general and the other special, the specific statute will be favored." State v. Kuuku, 61 Haw. 79, 82, 595 P.2d 291, 294 (1979) (citations omitted). In rejecting the application of this general principle of statutory interpretation, the Agdinaoay court explained: "this principle is a mere tool of statutory interpretation designed for use where legislative intent is unclear. It does not override or undermine otherwise clear legislative intent." 150 Hawai'i at 230, 500 P.3d at 415 (citations omitted). The Agdinaoay court concluded that HRS §§ 706-600 and 701-102(3)[9] are statutes that "direct that all sentencing in our state happen in accordance with Chapter 706." Id. The court noted: "HRS § 584-6's DVI directive may be 'specific,' but that specificity does not supersede Chapter 706's comprehensive sentencing framework." Id.

Here, the specific statute, HRS § 291E-61, does not merely contain a mandatory sentencing term like the DVI, but goes even further in its specificity, by expressly precluding the imposition of probation. This express preclusion of a probation sentence is a material and dispositive distinction between the HRS § 291E-61 OVUII statute here, and the HRS § 586-4 TRO violation statute in Agdinaoay. HRS § 291E-61's express preclusion of probation, which would otherwise be required under "Chapter 706's comprehensive sentencing framework[,]" is "clear legislative intent" to require the imposition of the substance abuse treatment penalties outside of the ordinary sentencing framework's requirement of probation to accompany such penalties

---

[9] HRS § 701-102 was also amended in 2022, which now states in pertinent part: "(3) The provisions of chapters 701 through 706 of the Code are applicable to offenses defined by other statutes, unless otherwise provided by applicable law." (Emphasis added.)

under Chapter 706. <u>See</u> <u>id.</u> A contrary interpretation would result in an unreasonable, illogical situation -- where a court is never able to sentence a defendant convicted of OVUII to a robust minimum-14-hour substance abuse rehabilitation program, or to complete a substance abuse assessment and recommended treatment -- a result we must avoid. <u>See</u> <u>Matter of Lindner</u>, 152 Hawaiʻi 130, 142, 522 P.3d 1117, 1129 (App. 2022) ("A statutory interpretation that is rational, sensible, and practicable is preferred to one which is unreasonable, impracticable, inconsistent, contradictory, and illogical." (cleaned up)).

We conclude the District Court acted within its discretion in imposing the mandatory substance abuse treatment penalties under HRS § 291E-61(b)(1)(A), for Wilson's OVUII conviction. <u>See</u> <u>State v. Kong</u>, 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013) (reviewing sentencing for abuse of discretion).

For the foregoing reasons, we affirm the February 2, 2022 Judgment, entered by the District Court of the Second Circuit.

DATED: Honolulu, Hawaiʻi, April 29, 2025.

On the briefs:

Henry P. Ting,
Deputy Public Defender,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

7