**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000433
19-JUN-2026
07:58 AM
Dkt. 58 SO

NO. CAAP-24-0000433

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LORI LANDON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTA-23-01167)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge Leonard and Hiraoka, JJ.)

Defendant-Appellant Lori Landon (**Landon**) appeals from the June 14, 2024 Judgment and Notice of Entry of Judgment (**Judgment**) entered against her by the District Court of the Third Circuit (**District Court**).[1]

On July 3, 2023, Plaintiff-Appellee State of Hawai'i (the **State**) filed a Criminal Complaint charging Landon with, *inter alia*, Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (a)(3) (2020). The District Court held trial on February 2, 2024, and June 14, 2024, and found that the State proved OVUII beyond a reasonable doubt.

---

[1] The Honorable Kimberly Tsuchiya presided.

Landon raises two points of error on appeal, contending that the District Court erred by: (1) finding Landon guilty of OVUII because there was no substantial evidence to support the conviction; and (2) sentencing Landon to complete fourteen hours of substance abuse treatment and obtain a substance abuse evaluation because such requirements cannot be imposed except as conditions of probation.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Landon's points of error as follows:

(1) Landon argues, variously, that the evidence is insufficient to support a conviction of OVUII. Landon points to the fact that other than her "lone traffic violation," her driving was flawless. She further notes that her speech was not slurred, she did not struggle to maintain her balance, and that "[a]lthough [Hawaiʻi County Police Department (**HPD**) Officer Dylan Chaves (**Officer Chaves**)] testified that Landon held on to her vehicle while exiting, who does not hold on to their vehicle door while exiting?"

Officer Chaves testified, *inter alia*, that he witnessed Landon ignore a red light and execute a U-turn, cutting off a pickup truck in front of him. After he pulled Landon over, Officer Chaves observed that Landon had red, watery eyes and an odor of alcohol on her breath. Landon fumbled through her wallet when Officer Chaves asked for her driver's license, insurance, and registration, and initially handed him an expired insurance

2

card.  He also observed a SVEDKA gin bottle in the passenger seat of her car, which was noted by another officer to be half-empty. Officer Chaves only performed the Horizontal Gaze Nystagmus test, due to a slight decline in the area outside Landon's vehicle, but observed multiple clues of intoxication.

Landon testified that she met up with a couple at a bar, planning on driving them to the airport.  Landon further testified that upon her arrival at the bar, she observed the couple drinking what appeared to be iced teas and told the bartender, "I'll have an iced tea, too."  She said that they did not taste like iced tea, but she did not think they were alcoholic.  She drank four of them in a little over an hour. When they left the bar, they were headed to the airport and that's pretty much the last thing she could remember because, as she put it, "It's like the alcohol just affected my memory."

The District Court credited Officer Chaves's testimony and found Landon's testimony that she did not know she was drinking alcohol not to be credible.

To prove OVUII under HRS § 291E-61(a)(1), the State must show beyond a reasonable doubt that:  (1) the suspect was intentionally, knowingly, or recklessly (2) "under the influence of alcohol in an amount sufficient to impair [her] normal mental faculties or ability to care for [herself] and guard against casualty."  HRS § 291E-61(a)(1); State v. Nesmith, 127 Hawaiʻi 48, 53-54, 276 P.3d 617, 622-23 (2012).

Evidence is sufficient to support a conviction when, viewed in a light most favorable to the prosecution, there was substantial evidence to support the conclusion of the trier of

fact. State v. Smith, 106 Hawaiʻi 365, 372, 105 P.3d 242, 249 (App. 2004). We do not weigh evidence on appeal or second guess credibility determinations. Id. "Sufficient evidence to support a conviction can be established through the testimony of a single witness." Id. A defendant's own testimony can constitute proof beyond a reasonable doubt that a defendant committed an element of the offense. State v. Torres, 70 Haw. 219, 223, 768 P.2d 230, 233 (1989) (Appellant's own admission at trial that he sold the gun on April 18, 1986, was proof beyond a reasonable doubt that he exercised "control" over the shotgun within the meaning of HRS § 134-7(b)).

Upon review of all of the evidence presented at trial, we conclude that there is sufficient evidence to sustain Landon's conviction of OVUII.

(2) Landon argues that the District Court erred when it included substance abuse treatment and evaluation as part of Landon's sentence because under State v. Agdinaoay, 150 Hawaiʻi 223, 500 P.3d 408 (2021), "substance abuse treatment requirements can only be imposed as conditions of probation" and HRS § 291E-61(b) mandates that an OVUII offender "shall be sentenced without the possibility of probation."

Agdinaoay is inapposite. The statute at issue in Agdinaoay has since been amended and HRS § 291E-61(b)(1)(A) specifically provides that a first-time offender of OVUII will be sentenced to "[a] fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable programs deemed appropriate by the court[.]" Section 291E therefore authorizes imposition of rehabilitation

4

programs by its own terms.  Landon's arguments to the contrary are without merit.

For these reasons, the District Court's June 14, 2024 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, June 19, 2026.

On the briefs:

Henry P. Ting,
Deputy Public Defender,
for Defendant-Appellant

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge